PROBST & HILB VS. SCOTT.

EXEMPTION OF CHOSE IN ACTION:
Under the provisions of the Constitution of 1868, choses in action may be selected by the owner as exempt from a garnishment process.

APPEAL from *Pulaski* Circuit Court.
Hon. J. J. CLENDENIN, Circuit Judge.
*Erb*, for appellant.
*Howard* and *M. L. Rice*, contra.

ENGLISH, CH. J.:

On the 18th of July, 1874, Probst & Hilb recovered a judgment before a justice of the peace of Pulaski County, against T. W. Holland and Thomas C. Scott for $242.30, on which an execution was issued and returned *nulla bona*.

A transcript of the judgment was filed in the office of the Clerk of the Circuit Court of said county, and a writ of garnishment issued thereon against the Continental Fire Insurance Company of New York, as debtor of Scott, and served on a local agent of the company, who answered, it seems, that the company was indebted to Scott, on a fire policy, in the sum of $299.25.

Scott filed a petition praying to be made a party to the garnishment proceeding, and claiming that the debt due to him from the insurance company was exempt from the process of garnishment.

He states, in substance, that the debt, on which the judgment was rendered against Holland and himself, was contracted for goods, wares and merchandise, in the year 1872.

That at the time the judgment was rendered, he was possessed of certain personal property, consisting of liquors, glass ware and saloon furniture, in a saloon in the Anthony House, in Little Rock, worth $600, which was insured in the Continental Insurance Company for $400.

That about the 19th of September, 1875, the Anthony House was destroyed by fire, and petitioner lost by the fire the greater part of said property, and his loss was adjusted by the insurance company at $295.20.

That, before and at the time of the fire, his entire personal property did not exceed $700 in value, including the liquors, etc., above stated, and he claimed that the same was exempt from execution.

That, at the time of the issuance of the writ of garnishment, his entire personal property was as above stated, and that at the present time his entire personal property is as follows, viz: Eight billiard tables and furniture of the full value of $1,500, upon which there is an incumbrance of $1,476 for purchase money, and household furniture and wearing apparel of the value of $100. That this is all the personal property petitioner has, except the said sum of $299.25, held for him by the insurance company, which is not otherwise indebted to him.

That all of said property is exempt from execution on said judgment under the Constitution and laws of the State, and petitioner selects said property, viz: Eight billiard tables and furniture, in the Metropolitan saloon; household furniture and wearing apparel of the value of $100, and the sum of $299.25, held as aforesaid for him by said insurance company, and claims it as exempt from execution herein.

The plaintiffs moved the court to strike from the files the petition of Scott, which motion the court overruled.

The matter was then submitted to a jury, who returned a verdict that 'the property is not subject to execution." Whereupon the court rendered judgment discharging the garnishee, and plaintiffs excepted and appealed.

What instructions the court gave the jury, or what evidence they had before them, does not appear from the bill of exceptions. Nor do we see why a jury was empanneled. There was no answer to the petition of Scott, controverting or putting at issue any of its statements. The facts stated in the petition, being in no way denied or put at issue, it was a question of law for the court to determine, whether the debt due from the insurance company to Scott was exempt, or subject to the process of garnishment, and the court, in refusing to strike out his petition,

decided, in effect, that he was entitled to the benefit of the exemption claimed. There was no question before the court about the other property claimed in the petition to be exempt from execution. It had not been levied on by execution, or seized by the garnishment.

The debt was the only matter in controversy.

The petition was verified by affidavit, and the legal question of exemption would have been better presented by demurrer to the petition, than by motion to strike it from the files.

But as both parties seem to regard the question of exemption as having been decided by the court in refusing to strike out the petition, and the decision of the court as having been reserved for review by the bill of exceptions, we will proceed to determine the question thus presented.

Sec. 1, Art. xii, Constitution of 1868, provides that:

"The personal property of any resident of this State to the value of $2,000, to be selected by such resident, shall be exempt from sale on execution or other final process of any court, issued for the collection of any debt, contracted after the adoption of this Constitution."

The Constitution of 1874 provides that:

"The exemptions contained in the Constitution of 1868 shall apply to all debts contracted since the adoption thereof, and prior to the adoption of this Constitution." Sec. 9, Art. ix.

The debt, upon which the judgment of appellants was recovered against appellee, was contracted, it appears, in 1872, after the adoption of the Constitution of 1868, and before the adoption of the present Constitution.

Prior to the adoption of the Constitution of 1868, particular articles of personal property, mentioned in the statute, were exempted from sale on execution. Gould's Dig., secs. 22-3, etc., Ch. 68; Acts of 1866-7, p. 309; 27 Ark., 656.

The framers of the Constitution of 1868 abandoned the policy of exempting specific articles, and provided for the exemption of personal property to the value of $2,000, to be selected by the debtor.

That a *chose in action* is personal property, does not admit of doubt.

A *chose in action* is not the subject of sale on execution under our statute, but it may be reached by garnishment; and, though it may be all the property that the debtor owns, the creditor may reach it, and condemn it to the satisfaction of his debt by this process, unless the debtor can claim the protection of the Constitution.

Though a garnishment is not an execution, it is in the nature of an execution. It is a means provided for obtaining satisfaction of the judgment of the creditor out of the property of the debtor. The *chose in action* is not sold under the garnishment process, but it is seized in the hands of him who owes the debtor, and the debtor is deprived of it, and the creditor gets the fruit of the deprivation, as effectually as if it were sold on execution in satisfaction of his judgment.

The exemption of the *chose in action* cannot be claimed under the strict letter of the Constitution, but is it not within its spirit and intention? Exemption laws are liberally construed.

The Constitution of North Carolina exempts from execution "personal property of the value of five hundred dollars, to be selected by the debtor." In *Frost* v. *Naylor*, 68 N. C., held that a *chose in action* is property, and, if selected by the debtor, it must be exempt. In that case there was an attempt to reach the *chose in action*, and condemn it to the satisfaction of the judgment of the creditor, by a proceeding in the nature of our garnishment process. Freeman on Executions, sec. 237.

In this case the petition shows that the insured property was claimed by the appellee as exempt from execution, and that the debt garnisheed was the amount of compensation allowed him by the insurance company for the loss of the property by fire.

The property being exempt, it is but reasonable that the compensation for the loss, which represents the property, should also be exempt. *Strouse's Executor* v. *Becker*, 44 Penn. State R., 206; *Houghton* v. *Lee*, 50 Cal., 101.

Affirmed.