## MISSOURI, K. & T. RY. CO. v. HOUSELEY.

No. 2682.     Opinion Filed May 6, 1913.

(132 Pac. 330.)

1. GARNISHMENT—Action for Wages—Defenses—Foreign Garnishment. In an action to recover wages brought by an employee, the defendant railway company set up as a defense a judgment obtained against the plaintiff in a justice of the peace court in the state of Missouri, in which said railway company was garnishee. At the time said foreign garnishment proceeding was pending, there was in force in Missouri a statute providing that no garnishment should issue in a cause wherein the sum demanded was not over $200, and where the property sought to be reached was wages due the defendant from a railroad corporation, until after judgment should have been recovered by the plaintiff against the defendant in the action. Sections 3447, 3448, Rev. St. Mo. 1899. Held, that the amount involved being wages due from a railroad corporation amounting to less than $200, and · no personal judgment having ·been obtained against the defendant therein, the proceedings in the Missouri court were void and constituted no defense to plaintiff's action brought to recover said wages in a court of this state.

2. SAME—Defenses. Under said statute the process of garnishment is withheld until the defendant is brought into court by service of summons and given an opportunity to make his defense and a personal judgment is rendered against him; hence, payment into court of the amount due by the railroad company to its employee, without the rendition of such judgment, constitutes no defense in an action brought by the employee to recover the wages due him.

3. SAME—Statutory Remedy. Garnishment is a statutory remedy, and no effects in the hands of a garn'shee can be reached thereby unless the statute so provides.

(Syllabus by Sharp, C.)

*Error from Coal County Court;*
*R. H. Wells, Judge.*

Action by George E. Houseley against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*G. T. Ralls,* for defendant in error.

Opinion by SHARP, C.  George E. Houseley sued the Missouri, Kansas & Texas Railway Company for $20.25 for wages due him for labor performed in its coal mine at Coalgate. The defendant answered, setting up in bar of plaintiff's right to recover an action theretofore pending before H. C. Buckley, a justice of the peace within and for Blue township, Jackson county, Mo., in which M. E. Merchant, assignee of the Coalgate Company, was plaintiff, and George E. Houseley was defendant, in which the railway company was garnishee. In the answer it was charged that judgment was duly rendered in favor of the plaintiff and against defendant on April 16, 1910, in the sum of $22.80, and an order made on the railway company, as garnishee, requiring it to pay said sum, admitted by the garnishee to be due the defendant, into court, and that in pursuance of said order said sum was paid into court. In his reply plaintiff specifically denied both the making of said order by the justice of the peace and a compliance therewith by the garnishee, and attacked the proceedings of the Missouri court as being void for want of jurisdiction, both of the subject-matter and of the defendant.

To pass upon all of the numerous objections urged to the proceedings of the Missouri court will be unnecessary. At the time the action was brought before the justice of the peace in Jackson county, Mo., there was in force in that state (Rev. St. 1899, secs. 3447, 3448; Ann. St. 1906, p. 1981; Rev. St. 1909, secs. 2427, 2428) a statute containing the following provisions:

"Sec. 3447. Garnishment Not to Issue, When—Railroad Corporation.—That hereafter no garnishment shall be issued by any court in any cause where the sum demanded is two hundred dollars or less, and where the property sought to be reached is wages due the defendant by any railroad corporation, until after judgment shall have been recovered by the plaintiff against the defendant in the action.

"Sec. 3448. Railroad Not Required to Answer, When.—No railroad corporation shall be required to make answer to any interrogatories propounded to it, in any action against any person to whom it may be indebted on account of wages due for personal services, nor shall any default or other liabilities attach because of its failure to so answer in such cases, where a writ of garnishment was issued or served in advance of the recovery by the plaintiff against the defendant, in any action for two hundred dollars or less; and any judgment rendered against any railroad corporation for its said failure or refusal to make answer to any garnishment so issued or served before the recovery of final judgment in the action between the plaintiff and defendant in the cases mentioned in section 3447, shall be void, and any officer entering said judgment or who may execute the same shall be taken and considered a trespasser and in addition thereto may be enjoined by any court having jurisdiction."

The railway company, as garnishee, in its answer before the justice of the peace specially pleaded this statute in bar of the right of plaintiff therein to maintain said garnishment proceedings. The answer charges:

"Further answering, this garnishee says that it is summoned into court by virtue of a summons in garnishment based upon a writ of attachment; that a judgment has never been rendered against the defendant, Houseley, in favor of the plaintiff, Merchant, and that the sum sought to be reached by this proceeding is less than $200 and is wages earned by the defendant, Houseley, as an employee of this garnishee, a railroad corporation; and that under the provisions of section 3447, R. S. 1899, said railroad company is not subject to garnishment in this case. * * *"

In its amended answer, filed in the county court of Coal county, the railway company again pleaded the Missouri statute, setting up facts bringing it within the provisions of the Missouri statute, as it had theretofore done as garnishee in the Missouri

court, so it appears by the railway company's own admissions subsequently made that at the time of the service of the writ of garnishment, as well as at the time of filing the garnishee's answer, no judgment had in fact ever been rendered in favor of the plaintiff and against the defendant Houseley; that the sum demanded was less than $200, and the wages sought to be reached were wages due the defendant by a railroad corporation. The constitutionality of the statute in question being attacked, it was upheld by the Supreme Court of Missouri in *White v. Missouri, K. & T. Ry. Co.*, 230 Mo. 287, 130 S. W. 325, 29 L. R. A. (N. S.) 874. We read from the opinion:

"* * * But the persons really protected are the employees whose wages, when they are absent or have no notice of a suit, cannot be attached. Section 3447 says that, when the amount sought to be recovered from the employee is $200 or less, his wages shall not be touched by garnishment until there has been a judgment for the amount against him. Of course there can be no judgment against him until he has been served with summons. The statute means that the process of garnishment should be withheld until the employee is brought into court and is allowed to make his defense, if any he has, and a personal judgment rendered against him. The next section (3448), is but a corollary to the former and is designed to secure its performance to render more certain the accomplishment of its purpose."

It was further said that a statute aimed to protect an employee from an abuse of the process of garnishment on a claim too small to justify him in leaving his post and coming a distance to make his defense had both reason and justice to support it; in fact, the statutes concerning garnishment, without this provision, would be a weapon that could be used to great injustice, and we doubt not it was to prevent that abuse that brought about the passage of the act in question. It was further observed by the court:

"The record in this case illustrates what advantage may be taken of a railroad employee but for this statute. The defendant in this case is a resident of this state; then why was the time to sue chosen when he was absent, and when only construc-

tive notice, which in fact is often no notice, could be given? So far as this record shows, this man knew nothing of this suit; but, if this law will not protect him, his wages are to be gathered in by the adroit plaintiff whether he owed the debt or not. This case illustrates only one aspect of the condition to which the statute was designed to apply. It applies as well to a nonresident railroad employee as to a resident. A man living in Texas, having a disputed claim against a railroad trainman who lives in the same town, may send his claim to Missouri, where it is likely the defendant may never be, and institute suit by attachment, and the defendant never hear of it until his pay day comes and he finds that his wages have been appropriated. Is it possible the lawmaking power of this state cannot regulate the process of the courts of the state to prevent such an abuse of the law?"

Garnishment is essentially a statutory remedy; although derived, it is said, from the custom of London, it is not a common-law remedy, and would not, in the absence of statutes authorizing it, exist in this country. *White v. Simpson,* 107 Ala. 386, 18 South. 151; *Baltimore & O. S. R. Co. v. McDonald,* 112 Ill. App. 391; *Godding v. Pierce et al.,* 13 R. I. 532.

In *White v. Missouri, K. & T. Ry. Co., supra,* speaking with reference to the Missouri statute, we again quote from the opinion, where the court said:

"Without the statutory provision of garnishment a creditor would have no right to seize the wages of his debtor until after he had obtained judgment on his debt; the statute granting the right may direct how and to what extent it may be used; and a person using the process given him by the statute has no right to complain of the restrictions or conditions imposed by the very same law that gives him the right."

The facts being such as to bring the case within the provisions of the Missouri statute, and it being admitted that no judgment had been recovered by the plaintiff against the defendant in the action in the Missouri court, that court was without jurisdiction to issue a writ of garnishment, and consequently any order or judgment entered therein was void. The railway company was under no obligation to answer any interrogatories propounded to it in said action until after judgment in favor of

plaintiff and against defendant had first been rendered, and no advantage could have been taken of it by reason of its failure to so answer; any effort in that direction being expressly declared void. While payment of said sum into court is alleged by defendant in its amended answer, it was denied by plaintiff in his reply, and no effort was made to prove payment. The proceedings being void, it is no sufficient defense for the defendant to set up in bar that it was ordered to pay said claim into court, as the court was without jurisdiction to make the order, and, even though payment was in fact made, it would be no sufficient defense in a subsequent action brought by its creditor to recover the amount due. *Weller v. Western State Bank,* 18 Okla. 478, 90 Pac. 877.

Where a payment under a judgment against a garnishee is relied upon as a defense to a suit brought by the garnishee defendant, it is important to observe the rules upon which it will be sustained. These rules briefly stated in Drake on Attachment (7th Ed.) sec. 711, are as follows: (1) The judgment against the garnishee, under which it alleges he made the payment, must be proved. (2) It must be a valid judgment. No payment made under a void judgment, however apparently regular the proceedings may have been, can protect the garnishee against a subsequent payment to the defendant or his representatives. (3) The payment must have been involuntary. (4) The payment must be actual and not simulated or contrived. (5) The judgment under which the payment was made must have been rendered by a court having jurisdiction of the subject-matter and parties. If there be a defect in this respect, the payment will be regarded as voluntary and therefore unavailing. (6) Though the court have jurisdiction of the parties, and its judgment be valid as against the garnishee, yet if the law requires the plaintiff, as a condition precedent to obtaining execution, to do a particular act, and without performing the condition he obtains execution, and the garnishee makes payment under it, the payment will be no protection, for it is in the garnishee's power to resist the payment until the condition be fulfilled, fail-

ing in which his payment is regarded as voluntary. While all these requirements may not be exacted under our statute (a question upon which we express no opinion), those, at least, of a jurisdictional nature are controlling. It nowhere appears in the transcript of the proceedings before the justice of the peace that service of summons was ever had on the defendant. One of the plaintiff's grounds for garnishment was that the defendant was a nonresident of the state of Missouri. Hence, if no service of summons was ever made on the defendant, no judgment such as contemplated by the Missouri statute could have been recovered against him.

It is elementary that the proceeding of garnishment is special, in derogation of the common law, and that the statute must be strictly pursued in order to confer jurisdiction. *Edler v. Hasche et ux.,* 67 Wis. 653, 31 N. W. 57; *Wells v. American Express Co.,* 55 Wis. 23, 11 N. W. 537, 12 N. W. 441, 42 Am. Rep. 695; *Hebel v. Amazon Insurance Co.,* 33 Mich. 400. To entitle a garnishee, therefore, to the protection of a judgment against him as such, all the facts required by statute to enable the attachment plaintiff to hold the debt due by the garnishee must appear in the record of the attachment suit; and if it appear that the attachment was not legally served on the garnishee, so as to reach the debt in his hands, his answering as garnishee, and a subsequent judgment against him, will not avail him. Drake on Attachment (7th Ed.) sec. 712.

The order of the justice of the peace, being unenforceable and void under the statute, was no defense against the plaintiff, and the judgment of the court should therefore be affirmed.

By the Court: It is so ordered.