**DAVIDSON et al. v. FINLEY et al.**

No. 14451—Opinion Filed Jan. 15, 1924.

(Syllabus.)

1. **Execution—Garnishment in Aid—Certified Copy of Judgment Filed in Another County.**

Garnishment being a statutory proceeding, no right nor jurisdiction is created not expressly provided for by statute, and where a certified copy of a judgment of a district court of one county is filed in the office of the court clerk of another county, as provided for by section 690, Comp. Stat. 1921, held, garnishment in aid of execution cannot issue from the district court of the latter county, inasmuch as the same is not authorized by statute.

2. **Same—Jurisdiction for Process.**

Where a certified copy of a judgment obtained in the district court of one county is filed in the office of the court clerk of another county, a lien on the real estate of the debtor within the latter county is thereby created, but the means of enforcing the same, or the execution, shall only be issued from the court in which the judgment was rendered.

3. **Same—Nature of Garnishment After Judgment.**

Though a garnishment is not an execution, garnishment after judgment is practically an equitable execution brought for the purpose of reaching nonleviable assets. It is the means provided for obtaining satisfaction of the judgment of the creditor out of the property of the debtor. The chose in action is not sold under the garnishment process, but it is seized in the hands of him who owes the debtor, and the debtor is deprived of it, and the creditor gets the fruit of the deprivation, as effectually as if it were sold on execution in satisfaction of his judgment.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Garnishment proceedings in aid of execution brought by Walter Davidson and another, plaintiffs, against W. E. Finley and others. From an order of the trial court dissolving garnishment, plaintiffs appeal. Affirmed.

R. Y. Stevenson and Walter Davison, for plaintiffs in error.

Robert J. Boone and L. W. Mason, for defendants in error.

MASON, J. This proceeding is an appeal from an order of the district court of Tulsa county quashing garnishment.

Plaintiffs in error, as plaintiffs below, procured a judgment in the district court of Atoka county against the defendants in error on certain notes and for foreclosure of a mortgage securing the same, and thereafter on May 7, 1923, filed a certified copy of said judgment in the office of the court clerk of Tulsa county, and on the same day filed an affidavit in garnishment in which they alleged that they believed that the Exchange Trust Company, a corporation, and J. E. Duffy were indebted to the defendant B. F. King. On the same day the court issued its order in garnishment, which was duly served upon the defendant B. F. King and the garnishees. The Exchange Trust Company answered denying any indebtedness, while J. E. Duffy answered admitting indebtedness to B. F. King in the sum of $142. The defendant B. F. King filed a motion to quash the garnishment, for the reason that the district court of Tulsa county was without jurisdiction and authority to issue the order of garnishment, which motion was sustained and the garnishment dismissed on May 23, 1923, from which order the plaintiffs have perfected this appeal.

The plaintiffs in error contended that the district court of Tulsa county had no jurisdiction to issue the writ of garnishment, and for reversal assign as error the order of said court in quashing the garnishment.

Inasmuch as garnishment proceedings are creations of the statutes, and therefore only such rights are granted as are expressly conferred by statutes, we must look to the statutes of this state to ascertain what jurisdiction, if any, the district court of Tulsa county had in the instant case.

Council for plaintiffs in error cite sections 737 and 750, Comp. Okla. Stat. 1921, which they contend should be construed together, in which event said sections support their contention that the district court of Tulsa county had jurisdiction to issue the order of garnishment. Section 737, supra, provides as follows:

"After the issuing or return of an execution against property of a judgment debtor, or of any one of several debtors in the same judgment, where it is made to appear by affidavit, or otherwise, to the satisfaction of the judge, that there is reason to believe that any person or corporation has property of such judgment debtor, or is indebted to him, the judge may, by an order, require such person or corporation, or any officer or member thereof, to appear at a specified time and place within the county in which such person or corporation may be served with the order to answer, and answer the same. The judge may, also, in his discretion, require notice of such proceeding to be given to any party in the action, in such manner as may seem to him proper."

Section 750, supra, provides as follows:

"The orders mentioned in the foregoing sections shall be in writing, and signed by the judge making the same, and shall be served as a summons in other cases. The judge shall reduce all his orders to writing, which, together with a minute of his proceedings, signed by himself, shall be filed with the clerk of the court of the county in which the judgment is rendered, or the transcript of the justice filed, and the clerk shall enter on his execution docket the time of filing the same."

There is nothing in these sections, as we construe them, that even tends to confer jurisdiction in the instant case on the district court of Tulsa county, and especially is this true in view of section 690, Comp. Okla. Stat. 1921, which provides as follows:

"Judgment of courts of record of this state, except county courts, and of courts of the United States rendered within this state, shall be liens on the real estate of the debtor within the county in which the judgment is rendered from and after the time the judgment is entered on the judgment docket. An attested copy of the journal entry of any such judgment, together with a statement of the costs taxed against the debtor in the case, may be filed in the office of the clerk of the district court of any county and such judgment shall be a lien on the real estate of the debtor within that county from and after the date of filing and entering such judgment on the judgment docket. The clerk shall enter such judgment on the appearance and judgment dockets in the same manner and within the same time after such judgment is filed in his office as if rendered in the court of which he is clerk. Execution shall only be issued from the court in which the judgment is rendered, or in which a transcript of a county court judgment is first filed."

It will be observed from this section that the filing of a certified copy of the journal entry of the district court of one county in the office of the court clerk of another county merely creates a lien on the real estate of the debtor within the latter county, but that the means of enforcing the same or the execution shall only be issued from the court in which the judgment was rendered. Neither this, nor any other statute, authorizes the issuance of a garnishment from the court clerk's office upon such certified judgment.

In the case of Garnett et al. v. Goldman, 39 Okla. 516, 135 Pac. 411. this court held that:

"Unless otherwise provided by statute, an execution can issue only from the court in which the judgment was rendered."

It is contended that neither the latter provision of section 690, supra, nor the case of Garnett v. Goldman, supra, is applicable to the question under consideration, for the reason that garnishment after judgment is not an execution.

It may be admitted that garnishment is not an execution, yet garnishment after judgment is in the nature of an execution brought for the purpose of reaching property or assets of the defendant in the possession of a third party.

In Probst v. Scott, 31 Ark. 652, the court uses the following language:

"Though a garnishment is not an execution, it is in the nature of an execution. It is a means provided for obtaining satisfaction of the judgment of the creditor out of the property of the debtor. The chose in action is not sold under the garnishment process, but it is seized in the hands of him who owes the debtor, and the debtor is deprived of it, and the creditor gets the fruits of the deprivation, as effectually as if it were sold on execution in satisfaction of his judgment."

In Chase v. Doxtater, 147 Wis. 581, 132 N. W. 904, the court held as follows:

"Garnishment is practically only an equitable execution brought for the purpose of reaching nonleviable assets."

Again in Pennsylvania Railroad Company v. W. W. Rogers et al., 52 W. Va. 450, 62 L. R. A.. 178, the court held:

"Garnishment is a dual proceeding moving against the garnishee in personam to compel him to answer and disclose what property and estate of the defendant he has in his hands and to hold the same subject to the order of the court, and against the property and estate itself to extinguish the right of the defendant in it by condemnation and appropriation of it to the satisfaction of the plaintiff's claim."

In 28 C. J., p. 33, in discussing garnishment, the following language is used:

"There is a distinct kind of garnishment, known as garnishment upon judgment or in aid of execution, in which the judgment is the direct basis of the writ, and which issues upon the judgment in somewhat the same manner as an execution and in immediate aid or in lieu thereof."

From the foregoing, and many other cases that we have examined, which hold to the same effect, we are of the opinion, and therefore conclude, that garnishment after judgment is so much in the nature of an execution that it comes within the provisions of section 690, supra, providing that execution shall only be issued from the court in which the judgment is renderd.

In this connection, it must be remembered that at all times the district court of Atoka county had full and complete jurisdiction to issue its process to any county in the state, and in our opinion the intention of the Legislature in the passage of section 737. supra. was to authorize the district court of Atoka county to send to Tulsa county its order of garnishment, and not only have it served in Tulsa county. but to make the same returnable before a referee in Tulsa county as provided for under section 739. Comp. Stat. 1921, and said referee would be required to file his findings of fact and the minutes of his proceedings with the court clerk of Atoka county as provided in section 750.

While the sections of the statutes quoted herein may be somewhat indefinite and ambiguous, yet we are of the opinion that this is the only construction that can be placed thereon so as to give effect to all of the provisions of each section.

Therefore, we conclude that the district court of Tulsa county had no jurisdiction or authority to issue the garnishment proceedings herein, and that the court properly sustained a motion to quash the same.

The judgment of the lower court is affirmed.

JOHNSON, C. J., McNEILL, V. C. J., and COCHRAN and BRANSON, JJ., concur.