**FIRST NAT. BANK OF HEALDTON v. HALBACK, Adm'x, et al.**

No. 20326. Opinion Filed May 31, 1932.

Rehearing Denied Nov. 1, 1932.

Dolman, Dyer & Dolman, for plaintiff in error.

Arleigh Davis, for defendant in error Parkersburg Rig & Reel Company.

Potter & Potter, for defendant in error Saleeta Halback, administratrix.

ANDREWS, J. This is an appeal from a judgment of the district court of Carter county, vacating two judgments in favor of the plaintiff in error, who was the plaintiff in that court. One of the judgments was against R. E. Halback, who was one of the defendants in that action, and the other was against the Parkersburg Rig & Reel Company, a garnishee in that action. During the course of the proceedings and after the rendition of the judgment, R. E. Halback died and the proceeding continued in the name of his administratrix. There was another defendant in the action, but no service of summons was had upon him and no judgment was rendered against him. Hereinafter the plaintiff in error will be referred to as the plaintiff; the defendant in error Parkersburg Rig & Reel Company, as the garnishee, and the defendant in error Saleeta Halback, administratrix of the estate of R. E. Halback, deceased, as the defendant.

The action was to recover a money judgment on a promissory note. Judgment was rendered therein on June 22, 1927, in favor of the plaintiff and against R. E. Halback. Thereafter an execution was issued and returned indorsed "Nothing found to levy upon." Thereafter the plaintiff filed a garnishment affidavit in the action, in which its attorney affirmed that he had good reason to and did believe that the garnishee "has property and within the county of Carter, of the defendant R. E. Halback, and is indebted to him." Thereafter the court clerk executed an order to answer in garnishment directed to the garnishee, the ordering part of which is as follows:

"Now therefore you are hereby ordered to appear before said court at the court of said county in the city of Ardmore in said on or before the 14th day of June, 1928, at the hour of 9 o'clock a. m., and then and there to answer concerning such indebtedness or property except three-fourths of all current wages for the last 90 days and to answer all interrogatories propounded to you by the said plaintiff and in case of your failure so to do you will be liable to further proceedings according to law."

That order was served upon the garnishee on May 28, 1928, by the sheriff of Oklahoma county, the return showing service "by delivering a true and certified copy of this writ to O. J. Kendall in person, May 28, 1928, in my county, he being the duly authorized service agent for the Parkersburg Rig & Reel Company, a corporation." The garnishee filed nothing. On July 2, 1928, the trial court rendered a judgment in favor of the plaintiff and against the garnishee for the same amount for which it had rendered judgment against R. E. Halback. An execution was issued on that judgment. On November 14, 1928, the garnishee appeared specially in the action and moved the court to vacate the judgment rendered against it on the ground of want of jurisdiction of the court to render the same. No general appearance was made. On December 7, 1928, the defendant filed a motion to vacate the judgment rendered against R. E. Halback. That motion was based on the provisions of section 6596, C. O. S. 1921. After a hearing the trial court vacated the judgment against the defendant, R. E. Halback, and the judgment against the garnishee. From that order the plaintiff appealed to this court.

A number of contentions were made as to the judgment against the garnishee. We think that it is unnecessary to consider all of those contentions, and we will limit our discussion to what we consider to be the controlling factor shown by the record in this case as to that judgment.

The plaintiff based its claim on the provisions of sections 753, 754, 755, and 361, C. O. S. 1921. Under the provisions of section 753, supra, the court clerk is authorized to issue an order to appear in garnishment, requiring a garnishee to answer, on or before the date named in the order, not

less than ten nor more than 20 days from the date of issuing the same, all interrogatories that may be propounded by the judgment creditor, concerning the indebtedness or property. The order shown by the record in this case did not conform thereto. It required the garnishee to answer all interrogatories propounded to it by the plaintiff. We do not consider it necessary to determine whether or not the order was sufficient to conform to the provisions of the statute. By the provisions of section 754, supra, a copy of the interrogatories prepared by the judgment creditor or his attorney "shall be served on the garnishee at the time of the service of the order, or within three days thereafter." There is nothing in this record to show that a copy of any interrogatories was served upon the garnishee. Until a copy of the interrogatories prepared by the plaintiff or its attorney was served upon the garnishee, the garnishee was not required to answer.

The judgment against the garnishee is sought to be justified by the plaintiff under the provisions of section 361, supra. By the provisions of that section a court is authorized to render judgment against a garnishee, where the garnishee has been duly summoned and has failed to file an affidavit as required by the preceding sections of the Code. That provision is penal in its nature in that a judgment against a garnishee is authorized thereby, although the garnishee does not have any property of the defendant and although the garnishee is not indebted in any way to the defendant. It must be construed as other penal provisions are construed.

In Davidson et al. v. Finley et al., 96 Okla. 291, 222 P. 678, this court said:

"Inasmuch as garnishment proceedings are creations of the statutes, and therefore only such rights are granted as are expressly conferred by statutes, we must look to the statutes of this state to ascertain what jurisdiction. if any, the district court of Tulsa county had in the instant case."

To the same effect is Missouri, K. & T. Ry. Co. v. Houseley, 37 Okla. 326, 132 P. 330. We know of no exceptions to that rule. As stated in Dassler's Kansas Civil Code Annotated, ch. 32, sec. 2:

"A proceeding in garnishment is a special and extraordinary remedy given by statute. and can be resorted to only at the times and upon the conditions expressly authorized and imposed by statute. The statutory conditions for its exercise are conclusive, and exclusive of all others. The proceeding must be conducted in substantial conformity to the statute."

We are not unmindful of the fact that the journal entry of judgment against the garnishee contained a finding that service of the order to answer in garnishment and interrogatories was duly had upon the garnishee. Had that judgment not been vacated, we would have been bound by that finding of the trial court. However, that judgment was vacated and we cannot say that the trial court erred in vacating a judgment which was based on a finding of the existence of a jurisdictional fact that did not exist.

As to the order vacating the judgment rendered against the garnishee, we hold that there is nothing in the record to show that a copy of interrogatories was served upon the garnishee; that the trial court was without jurisdiction to render that judgment, and that the trial court did not err in vacating that judgment.

The judgment against R. E. Halback was rendered after proper and legal service of summons upon him. The trial court had jurisdiction of the subject-matter and of the person and the jurisdiction to render the particular judgment rendered. That judgment was neither void nor voidable. The provisions of section 6596, supra, were not violated by the plaintiff. No process was issued to subject any wages or earnings for personal services to satisfy any judgment or obligation in favor of the plaintiff. The order to answer in garnishment excepted "three-fourths of all current wages for the last 90 days" and the interrogatories were limited to money or property in the possession of the garnishee belonging to R. E. Halback. They did not relate to an indebtedness from the garnishee to R. E. Halback. There was no interrogatory as to whether or not the garnishee was indebted to R. E. Halback. The trial court was in error in vacating the judgment in favor of the plaintiff and against R. E. Halback.

The judgment of the trial court vacating the judgment in favor of the plaintiff and against the garnishee is affirmed. The judgment of the trial court vacating the judgment in favor of the plaintiff and against R. E. Halback is reversed. The cause is remanded to the trial court, with directions to reinstate the judgment in favor of the plaintiff and against R. E. Halback.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ.. concur. LESTER, C. J., absent. CLARK, V. C. J., dissents.