## FIRST NAT. BANK OF CORDELL v. CITY GUARANTY BANK OF HOBART et al.

No. 25015. Nov. 12, 1935.

546

A. M. Beets, William J. Zeman, and Jones & Wesner, for plaintiff in error.

Carder & Carder, for defendant in error.

PER CURIAM. The parties will be referred to herein as they appeared in the trial court.

The facts in this case are few and simple and the decisive question involved is one of law rather than fact. It appears from the record that, in August, 1927, the plaintiff, City Guaranty Bank of Hobart, commenced this action in the district court of Kiowa county against one W. C. Scarberry, defendant, to recover on certain promissory notes. Personal service of summons was made on the defendant in Kiowa county. The defendant failed to appear or answer, and thereafter, on November 2, 1928, a default judgment was rendered against him. It appears that the defendant subsequently moved and resided in Washita county. An execution issued on September 23, 1929, by the court clerk of Kiowa county to the sheriff of Washita county, was returned with the notation thereon showing no property found. Thereafter, on November 26, 1929, an affidavit for garnishment in aid of execution after judgment was filed by the judgment creditor, plaintiff, in Kiowa county and, on the same day, the court clerk duly issued an order thereon directed to the First National Bank of Cordell, in Washita county, the garnishee herein, requiring the garnishee to file with said court clerk, on or before the 10th day of December, 1929, full and true answers to all interrogatories attached thereto, propounded by the judgment creditor, and said order and interrogatories were duly served on the garnishee in Washita county on November 27, 1929, at 3:45 p. m. In reply, on December 2, 1929, the garnishee filed its answers, duly verified, to all the interrogatories, with the court clerk of Kiowa county.

It appears from the interrogatories and the answers thereto that the garnishee acted as the clerk of a public sale held by the defendant in Washita county on November 27, 1929, being the same day on which the order and interrogatories mentioned were served on the garnishee. In its answers, the garnishee admits that it "paid to C. R. Logsdon, landlord, on order of Scarberry, $500." The answer of the garnishee does not show the date or time of day on which this payment was made. The plaintiff gave due notice to the garnishee that it took issue on the answers of the garnishee on account of the $500 payment, and this controversy is over the payment so made.

After some time, the matter finally came on for hearing by the court. The garnishee, by its president and counsel, appeared at the hearing in Kiowa county. By agreement of counsel for the parties, the evidence offered at the hearing was limited to the deposition given by the president of the garnishee bank, who testified that the payment of $500 was made by the garnishee to Logsdon on a

check, offered in evidence, for $500, signed by the defendant, Scarberry, with the words, "sale account," noted thereon, and bearing date of November 29, 1929, which was two days after the order and interrogatories were served on the garnishee on the day of sale. It was stipulated by counsel at the hearing that, by the giving of said deposition, the garnishee shall not be held to have waived any of its rights to object or except to the jurisdiction of the court in the matter of the right of the court to treat the proceeding as a garnishment action. From the evidence at the hearing, the court found that the garnishee bank, after being served with the garnishee order herein, paid out the sum of $500 to the defendant, and that the answer filed herein by the garnishee is incorrect for the reason that it does not disclose the date of said payment, and by reason thereof the court found and fixed the liability of the garnishee at $500, together with interest and costs, for which judgment was entered. As a part of the judgment, the court ordered the garnishee to pay the sum aforesaid to the court clerk of Kiowa county to abide the further order of the court. From the judgment, the garnishee appeals.

The validity of the judgment against the defendant and of the execution issued thereon and returned unsatisfied, appears to be conceded, at least, not questioned.

The garnishee presents three assignments of error: The first and principal error assigned challenges the jurisdiction of the district court. The garnishee contends that there is no law authorizing the district court of the county in which the judgment was rendered against the defendant to order and require the garnishee, resident of another county, to file answers to the interrogatories by the judgment creditor, or to appear for trial of the issue taken on the answers, in the county where such judgment was rendered.

The garnishment proceedings herein were instituted and are based upon the following provisions of the statutes:

Section 500, O. S. 1931 (section 753, C. O. S. 1921), provides:

"When an execution shall have been returned unsatisfied, the judgment creditor may file an affidavit of himself, his agent or attorney, in the office of the clerk, setting forth that he has good reasons to, and does, believe that any person or corporation, to be named, has property of the judgment debtor, or is indebted to him, and thereupon the clerk shall issue an order, requiring such person or corporation to answer, on or before a day to be named in the order, not less than ten nor more than twenty days from the date of issuing the same, all interrogatories that may be propounded by the judgment creditor, concerning such indebtedness or property."

Section 501, O. S. 1931 (section 754, C. O. S. 1921), provides:

"The judgment creditor, or his attorney, shall prepare interrogatories concerning such indebtedness or property, a copy of which shall be served on the garnishee at the time of the service of the order, or within three days thereafter. And the garnishee shall, on or before the day required in the order, file with the clerk full and true answers to all such interrogatories, verified by his affidavit."

Section 502, O. S. 1931 (section 755, C. O. S. 1921), provides:

"All subsequent proceedings against the garnishee shall be the same as in cases of attachment, so far as applicable."

The statutes above set out are applicable to the case at bar. They authorize garnishment in aid of execution only after execution has been returned unsatisfied. They are found in and are a part of the chapter on "Executions and other proceedings to enforce judgments," of the statutes. Chapter 2, art. 19, O. S. 1931; chap. 3, art. 23, C. O. S. 1921. Garnishment in aid of execution, either before or after execution is returned, is also authorized by other provisions of the same chapter. Sections 497, 484, 485, 498, O. S. 1931; sections 737, 738, 739, 740, C. O. S. 1921. The latter provisions are not applicable to the case at bar, because the procedure herein was instituted under the authority of the plain provisions of the law above set out, after execution was returned unsatisfied. It will be observed that the correlative sections of the statutes mentioned thus provide two separate and distinct methods of procedure for garnishment after judgment. The procedure necessary to be pursued for the court to acquire jurisdiction under either method, though different, is clearly set forth in the statutes, and is mandatory. The record in this case shows that the statutory steps required in order to afford the court jurisdiction, under the method of procedure pursued herein, were taken in conformity with the provisions of the statutes above set out, and hence the court acquired complete jurisdiction of the garnishee, the subject-matter, and to render the judgment fixing the liability of the garnishee on the issue involved.

The various provisions of the statutes men-

tioned have already been considered and construed by this court in the recent case of Ray v. Paramore et al., 170 Okla. 495, 41 P. (2d) 73. Garnishment proceedings after judgment were commenced therein under the sections last above cited, which authorize garnishment either before or after execution is returned. The proceedings therein were not based on the sections above quoted, authorizing garnishment only after execution is returned unsatisfied, as in the case at bar. The garnishee therein appeared and objected to the jurisdiction of the court on the ground that no interrogatories were served on the garnishee, under the holding of this court in the case of First National Bank of Healdton v. Halback et al., 160 Okla. 82, 15 P. (2d) 586. On appeal, this court held that it is not necessary to serve interrogatories on the garnishee, in order to afford the court jurisdiction, where the proceedings are based on the statutes authorizing garnishment after judgment either before or after execution is returned, but where garnishment proceedings in aid of execution are based on those statutes quoted, authorizing the same only after execution is returned unsatisfied, the court does not acquire jurisdiction unless the interrogatories are served on the garnishee at the time of the service of the order, or within three days thereafter. In the opinion, the court concluded:

"Therefore, giving life to the several sections of the statutes and construing each in the light of the other, it seems obvious that the legislative intent was to provide two separate and distinct methods whereby the judgment creditor may reach garnishable property of the judgment debtor when held in the hands of another."

There is nothing in the plain language of the sections 500, 501, 502, supra, that limits their application or that limits the jurisdiction of the district court to the county in which the judgment was rendered in enforcing garnishment proceedings under those sections. Thus we conclude that the legislative intent and purpose was to provide by those sections a separate and distinct method of procedure by garnishment after execution is returned unsatisfied, by which the judgment creditor may reach garnishable property of the judgment debtor, or debts owing to him, when held in the hands of another in any county where the same may be found or held, and that the district court of the county where the judgment was rendered acquires jurisdiction to reach such property, debts or assets in any other county and to apply the same towards the satisfaction of the judgment, provided the judgment creditor proceeds in conformity with the requirements of those sections in order to afford the court jurisdiction in the matter.

Garnishment proceedings should be governed by equitable principles. Brooks v. Fields et al., 25 Okla. 427, 106 P. 828. In the case of Davidson et al. v. Finley et al., 96 Okla. 291, 222 P. 678, this court held:

"Though a 'garnishment' is not an execution, garnishment after judgment is practically an equitable execution brought for the purpose of reaching nonleviable assets. It is the means provided for obtaining satisfaction of the judgment of the creditor out of the property of the debtor." Probst v. Scott, 31 Ark. 652.

In Chase v. Doxtater, 147 Wis. 581, 132 N. W. 904, the court held:

"Garnishment is practically only an equitable execution brought for the purpose of reaching nonleviable assets."

In discussing garnishment, 28 C. J. 33. reads:

"There is a distinct kind of garnishment, known as garnishment upon judgment or in aid of execution, in which the judgment is the direct basis of the writ, and which issues upon the judgment in somewhat the same manner as an execution and in immediate aid or in lieu thereof."

From the foregoing and many other cases examined in Davidson et al. v. Finley et al., supra, this court concluded:

"That garnishment after judgment is so much in the nature of an execution that it comes within the provisions of section 690, supra, C. O. S. 1921 (now section 437, O. S. 1931), providing that execution shall only be issued from the court in which the judgment is rendered."

Section 438, O. S. 1931, authorizing executions and by whom they shall be issued provides:

"Executions shall be deemed process of the court, and shall be issued by the clerk, and directed to the sheriff of the county. They may be directed to different counties at the same time."

It will be noted that, by analogy, section 500, supra, under executions, also requires the clerk to issue the order to answer interrogatories.

In First National Bank of Drumright v. Knight, 127 Okla. 20, 259 P. 565, one execution was returned unsatisfied in the county where the judgment was rendered. Subsequently, a second or alias execution and an order to answer interrogatories were issued by the clerk, on the same day and to another

county. The order was served on the garnishee before the second execution was returned. This court said:

"We think that an execution issued and returned in good faith is sufficient to warrant, under the statutes, garnishment proceedings in aid of execution, and merely because a second or alias execution may be issued or was issued on the judgment does not take away the rights under the garnishment or nullify the same."

At the trial of the issue taken on the answers of the garnishee to the interrogatories, the garnishee bank appeared and participated in the trial by counsel and by its president who testified by deposition. The garnishee did not enter a special appearance and the hearing went to the merits of the controversy, involving nonjurisdictional and other matters. Hence, the appearance of the garnishee being general, any rights the garnishee might have had to object to the jurisdiction of the court were waived and could not be reserved by the stipulation of counsel. The stipulation of counsel could not control the action of the trial court in a matter of law. Abernathy v. Huston, 166 Okla. 184, 26 P. (2d) 939. Although parties may stipulate respecting facts, they cannot bind the court by stipulating respecting applicable law, since the court will apply the law. State Consol. Pub. Co. v. Hill (Ariz.) 4 P. (2d) 668.

On the second assignment of error, the garnishee contends that the court erred in holding that the fund was impounded or a lien was established on property or credit in possession of the garnishee from the time the order to answer interrogatories was served on the garnishee. Both the answers and the deposition of the garnishee clearly show that the garnishee was indebted to and had in its possession or control money or credits belonging to the defendant at the time the order to answer was served. Under our statutes, section 628, O. S. 1931, the garnishee became liable to the plaintiff for such money or credits, to the amount of the plaintiff's claim, from the time the order mentioned was served. Barton et al. v. Spencer et al., 3 Okla. 270, 41 P. 605; Helms et al. v. State ex rel. Mifflin, 137 Okla. 55, 280 P. 416.

It is not necessary to consider the third assignment of error, regarding the sufficiency of the evidence, for the reason that no demurrer or other objection to the evidence was interposed at the trial, and thus it cannot be reviewed on appeal. Beam v. Farmers & Merchants Bank, 104 Okla. 158, 230 P. 881.

The record in this case clearly shows that the plaintiff pursued the method of procedure authorized by sections 500, 501, and 502, supra, for garnishment after execution returned unsatisfied, and fully complied with the requirements thereof. It follows that the trial court thus acquired complete jurisdiction of the matter, and its judgment being reasonably sustained by competent evidence will not be disturbed on appeal. The judgment is correct, and should be affirmed.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys W. J. Donohue, James B. Diggs, and E. J. Doerner in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Donohue and approved by Mr. Diggs and Mr. Doerner, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur. BAYLESS, WELCH, and CORN, JJ., absent.