## VOSS TRUCK LINES, Inc., v. CITIZENS-FARMERS NAT. BANK.

No. 29069.　Jan. 30, 1940.

Rehearing Denied March 5, 1940.

Application for Leave to File Second Petition for Rehearing Denied May 14, 1940.

*102 P. 2d 173.*

Lee G. Gill and Chas. D. Scales, both of Oklahoma City, for plaintiff in error.

D. M. Cavaness and Melton, McElroy & Vaughn, all of Chickasha, for defendant in error.

HURST, J. The Citizens-Farmers National Bank of Chickasha recovered money judgment against Voss Truck Lines and issued execution, which was returned "no property found." It then garnisheed the First National Bank & Trust Company of Oklahoma City, which answered admitting that defendant had in its checking account money in excess of the amount of the judgment. The trial court thereupon entered an order sustaining the garnishment and directing the bank to pay into court the amount of plaintiff's judgment. On the day following the making of this order, defendant filed a motion to discharge the garnishment, and thereafter filed a motion to set aside the order to pay the amount of the judgment into court. Plaintiff filed motions to strike both pleadings. On a hearing, the court denied the motions of defendant, and sustained those of plaintiff, and from these rulings defendant appeals.

1. Defendant's first contention is that the trial court did not have jurisdiction of the garnishee, or of the fund in its possession, and therefore was without power to render any judgment against the garnishee. He points out that our statutes provide three methods of garnishment after judgment: (1) Where execution has been issued but not returned; (2) after execution has been returned unsatisfied, and the garnishee is ordered to appear personally in court for examination; and (3) after execution is returned unsatisfied, and the garnishee is required to answer interrogatories served on him. He says that this garnishment necessarily falls within the first method because a summons was issued by the clerk, and was void because no bond was filed. Plaintiff contends that it was pursuing the third method, and that the proceedings substantially complied with sections 500, 501, and 502, O. S. 1931, 13 Okla. St. Ann. §§ 863, 864, 865. The affidavit filed by plaintiff was sufficient, but contained some unnecessary averments. The clerk issued a summons, such as is usually issued in garnishment at the beginning of an action, the form of which is prescribed by section 616, O. S. 1931, instead of an order to answer interrogatories. The garnishee answered within the three days in which plaintiff was required to serve interrogatories upon it. Its answer showed funds in its possession belonging to defendant.

Defendant argues that the service of an order and interrogatories are essential to give the court jurisdiction under the sections of our statute above mentioned. It will be noted that those sections do not prescribe the form of the order. We think the summons, which required the garnishee to answer the one interrogatory contained therein, was a sufficient compliance with the statute. The fact that the interrogatory was contained in the body of the writ, instead of being attached thereto, is not shown to have deprived defendant of any substantial right. The trial court had jurisdiction of the defendant, and had rendered a judgment against it in the action.

A writ of garnishment in process. Emerson v. Emerson (1928) 130 Okla. 140, 265 P. 1078. And the rule that defects or irregularities in process which go to the form rather than to the substance are not jurisdictional has been repeatedly announced by this court. Jones v. Standard Lumber Co. (1926) 121 Okla. 186, 249 P. 343; Lawton v. Nicholas, Sheriff (1903) 12 Okla. 550, 73 P. 262; Springfield Fire & Marine Insurance Co. v. Gish, Brook & Co. (1909) 23 Okla. 824, 102 P. 708; Chaney v. National Bank of Commerce of Tulsa (1937) 179 Okla. 469, 66 P. 2d 917; Chapman v. Norris (1935) 171 Okla. 154, 42 P. 2d 487. And a judgment will not ordinarily be reversed for such defects. Section 252, O. S. 1931, 12 Okla. St. Ann. § 78. We conclude that the trial court by such process obtained jurisdiction of the garnishee and of the res.

The cases cited by defendant do not conflict with the above holding. In Pennhoma Oil Co. v. Jens Marie Oil Co. (1924) 98 Okla. 211, 224 P. 720, the garnishment was before judgment, and no garnishment summons was served on defendant, who did not appear in the garnishment proceedings, and the appeal was by the garnishee from a judgment against it. In Collins-Dietz-Morris Co. v. George Crist (1937) 179 Okla. 422, 65 P. 2d 967, a justice of the peace attempted to garnishee funds outside of the county where suit was brought, and it was held that the voluntary appearance of the garnishee would not confer jurisdiction of the res. In First National Bank of Healdton v. Halback (1932) 160 Okla. 82, 15 P. 2d 586, an order to answer interrogatories was served on the garnishee, but no interrogatories were served, and it filed no answer; judgment was rendered against it, and on an appeal from an order vacating such judgment it was held that the garnishee was not required to answer because no interrogatories were served on it. Ray v. Paramore (1935) 170 Okla. 495, 41 P. 2d 73, was a case where the garnishee was required to appear in person for examination, and it was held that service of interrogatories was not necessary where the proceeding was brought under section 497, O. S. 1931, 12 Okla. St. Ann. § 847. In Phoenix Bridge Co. v. Street (1900) 9 Okla. 422, 60 P. 221, a garnishment summons issued in an action against a nonresident was held fatally defective, but the court, in holding that the defects were jurisdictional, stated that where there had been a substantial compliance with the requirements of the statute, the appearance of the garnishee was a waiver of all irregularities in the writ and return, but that the garnishee could not waive jurisdictional defects as to the res by voluntary appearance. And such appears to be the general rule. 28 C. J. 224; Rood on Garnishment, § 267.

Defendant does not attempt to show that he has been deprived of any right by the defect in the form of the writ, and the garnishee does not complain. In our opinion the writ was not fatally defective, and gave the trial court jurisdiction of the res.

2. Defendant also urges that the case of First National Bank of Cordell v. City Guaranty Bank of Hobart (1935) 174 Okla. 545, 51 P. 2d 573, which holds that a garnishment writ may issue out of the district court against a resident of another county, should be overruled. We think the holding in that case correct.

3. Defendant's last contention is that the trial court erred in refusing to permit it to show that the return of the execution unsatisfied, upon which the garnishment proceeding was based, was not made in good faith, and that no bona fide effort was made to levy such execution on defendant's property. The execution was issued to the sheriff of Oklahoma county, and defendant asserted, and offered to prove, that it had in that county property subject to execution sufficient to satisfy the judgment. Defendant produced as a witness the deputy sheriff of Oklahoma county who made the return on the execution, and offered to prove by him that no bona fide return was made, and that no effort was made by the sheriff to find and

levy upon any property of defendant, but that the execution was returned "nothing found" at the request of plaintiff. The court, in denying this offer of proof, stated that he thought defendant was "too late on that."

The return of an execution showing that no property of the defendant could be levied upon to satisfy the judgment is a prerequisite to garnishment proceedings under sections 500, 501, and 502, and such return must be made in good faith, after an honest effort has been made to find and levy upon the property of the judgment debtor. Brennan v. Moore et al. (1923) 93 Okla. 294, 221 P. 40; First National Bank of Drumright v. Knight (1927) 127 Okla. 20, 259 P. 565. Proceedings under these sections are for the purpose of reaching nonleviable assets of the judgment debtor, when no leviable assets may be found. First National Bank of Cordell v. City Guaranty Bank of Hobart et al. (1935) 174 Okla. 545, 51 P. 2d 573. The trial court gave no reason for his ruling, and we know of none. The order was in the nature of a judgment. A. J. Harwi Hardware Co. v. Klippert (Kan. 1903) 74 P. 254. And the motion of defendant to vacate and set aside the order, made during the same term at which the order was entered, was a proper application to invoke the power of the court to vacate the order. Richardson v. Howard (1915) 51 Okla. 240, 151 P. 887; Corliss v. Davidson & Case Lumber Co. (1938) 183 Okla. 618, 84 P. 2d 7. The trial court should have permitted defendant to make such proof.

The judgment is reversed for further proceedings in accordance with the views herein expressed.

RILEY, CORN, GIBSON, and DANNER, JJ., concur.