Carmon C. Harris, Oklahoma City, Okl., for plaintiff.

Cheek, Cheek & Cheek, Oklahoma City, Okl., for defendants.

Dudley, Duvall & Dudley, Oklahoma City, Okl., for garnishee. .

WALLACE, District Judge.

## HARRISON v. HARRISON et al.

### Civ. A. No. 5623.

United States District Court
W. D. Oklahoma.

Jan. 9, 1953.

Plaintiff Dora Harrison obtained a default judgment against defendant Karl Harrison in the District Court of Oklahoma County in the amount of $20,270 for personal injuries received in an automobile collision. After execution was returned unsatisfied, counsel for plaintiff filed with the district court clerk his garnishment affidavit stating:

"* * * that the above named defendant Karl Harrison is justly and truly indebted to the said plaintiff in the sum of $20,270.00 Dollars, over and above all off-sets; that he verily believes the Superior Insurance Company is indebted to and has property, real and personal, in his possession and under his control belonging to the above named defendant Karl Harrison; and that said defendant has no property liable to execution to satisfy plaintiff's demands and said indebtedness the property herein mentioned is to the best of the knowledge and belief of affiant not exempt by law from seizure, and sale upon execution. * * *"

The court clerk then issued a garnishee summons [1] on the 8th day of October, 1952, setting the answer date at November 3, 1952; the garnishee was served October 10, 1952, by serving the Insurance Commissioner of the State of Oklahoma,[2] and a copy was served upon the defendant personally October 10, 1952.

The garnishee appeared specially and filed a motion to quash summons and service, charging it was not issued, served and returned as required by law.

Counsel for plaintiff takes the position that the procedure set forth in Title 12, Okla.Stat.Anno. sections 1171 et seq. was closely followed and that these sections represent a proper procedure to follow in garnishment after return of execution. Counsel for defendant takes the position that although there are two alternative procedures which may be followed that the plaintiff was required to proceed either under Title 12, Oklahoma Stat.Ann. section 863 et seq. or under section 847 et seq.

It is not surprising that an honest difference of opinion exists as to the governing law in view of the ambiguous state of the various sections on garnishment under the present Oklahoma Statutes.[3] However, the court is of the opinion that the existing Oklahoma Law permits two and only two courses of action where judgment has been obtained and execution has been returned unsatisfied.[4]

In accordance with section 863,[5] the judgment creditor may file an affidavit in

1. This summons provided in part, "Plaintiff seeks to recover no current wages, but under an automobile liability policy issued to Karl Harrison."

2. See Title 36, Okla.Stat.Anno. § 101, subd. 4, and § 101a.

3. The Oklahoma Supreme Court has said, "There has been much confusion concerning the reasons for, and the proper construction to be placed upon, the many statutory provisions relating to the subject of garnishment, and although the modes of procedure in force in this state now were, in the main, adopted bodily from Kansas, where they have been effective almost 'since the memory of man runneth not to the contrary,' nevertheless the subject is still a source of prolific and vexatious litigation and it may rightly be said that such provisions are indeed indefinite and ambiguous. * * *" Ray v. Paramore, 170 Okl. 495, 41 P.2d 73, 75.

4. In First National Bank of Cordell v. City Guaranty Bank of Hobart, 174 Okl. 545, 51 P.2d 573, 575 the court said, "The statutes above set out [§§ 863, 864 and 865] are applicable to the case at bar. They authorize garnishment in aid of execution only after execution has

been returned unsatisfied. *They are found in and are a part of the chapter on 'executions and other proceedings to enforce judgments,' of the* statutes. * * * It will be observed that the correlative sections of the statutes mentioned [§ 833 et seq. and § 847 et seq.] thus *provide two separate and distinct methods of procedure for garnishment after judgment.*" (Emphasis supplied.)

Also, in Ray v. Paramore, footnote 3, supra, 41 P.2d at page 76 the court observed, "Therefore, giving life to the several sections of the statutes and construing each in the light of the other, *it seems obvious that the legislative intent was to provide two separate and distinct methods whereby the judgment creditor may reach garnishable property of the judgment debtor* when held in the hands of another. This conclusion is borne out by an examination of section 755 [865], which section is directly related to those which require the filing and service of interrogatories. It is: 'All subsequent proceedings against the garnishee shall be the same as in cases of attachment, as far as applicable.'" (Emphasis supplied.)

5. "§ 863. Order to appear in garnishment.—

the office of the clerk, whereupon the clerk shall issue an order, requiring the garnishee to answer, not less than ten nor more than twenty days from the date of issuance, all interrogatories that may be propounded by the judgment creditor. Under section 864 [6] these interrogatories shall be served upon the garnishee at the time of service of the order or within three days thereafter.[7] Then under section 865, all subsequent proceedings against garnishee shall be the same as in cases of attachment.[8]

In the alternative, under section 847 [9] et seq., an order may be obtained from the judge, under whom the original judgment was obtained, requiring the garnishee to appear at a specified time and place and answer questions regarding property or indebtedness of the judgment debtor.

A proceeding in garnishment is a special and extraordinary remedy given only by statute, and can be resorted to only by substantially conforming with the conditions set forth in the statute.[10]

The court does not believe that section 1171 et seq. can be used in aid of execution or judgment, after return of execution, as attempted by plaintiff here.[11]

"When an execution shall have been returned unsatisfied, the judgment creditor may file an affidavit of himself, his agent or attorney, in the office of the clerk, setting forth that he has good reasons to, and does, believe that any person or corporation, to be named, has property of the judgment debtor, or is indebted to him, and thereupon the clerk shall issue an order, requiring such person or corporation to answer, on or before a day to be named in the order, not less than ten nor more than twenty days from the date of issuing the same, all interrogatories that may be propounded by the judgment creditor, concerning such indebtedness or property. * * *"

6. "§ 864. Interrogatories addressed to garnishee—Verified answers filed.—

"The judgment creditor, or his attorney, shall prepare interrogatories concerning such indebtedness or property, a copy of which shall be served on the garnishee at the time of the service of the order, or within three days thereafter. And the garnishee shall, on or before the day required in the order, file with the clerk full and true answers to all such interrogatories, verified by his affidavits. * * *"

7. When proceeding under this section, service of interrogatories within this three day period must be done in order to confer jurisdiction. First National Bank of Healdton v. Halback, 160 Okl. 82, 15 P.2d 586; Ray v. Paramore, footnote 3, supra.

8. "§ 865. Subsequent proceedings same as in attachment.—All subsequent proceedings against the garnishee shall be the same as in cases of attachment, as far as applicable. * * *"

9. "§ 847. Garnishment on execution—Notice of proceeding.—

"After the issuing or return of an execution against property of a judgment debtor, or of any one of several debtors in the same judgment, where it is made to appear by affidavit, or otherwise, to the satisfaction of the judge, that there is reason to believe that any person or corporation has property of such judgment debtor, or is indebted to him, the judge may, by an order require such person or corporation, or any officer or member thereof, to appear at a specified time and place within the county in which such person or corporation may be served with the order to answer, and answer the same. The judge may, also, in his discretion, require notice of such proceeding to be given to any party in the action, in such manner as may seem to him proper. * * *"

Procedure under this section is to be sharply distinguished from section 865 et seq. "When the proper affidavit is made and filed and the court's order, based thereon, is entered and served, the court is authorized to determine from parol testimony, as in other triable matters, the question thus presented. Under this form of procedure the service of interrogatories, at the time of service of the garnishment order, could serve no useful purpose." Ray v. Paramore, footnote 3, supra, 41 P.2d at page 75. Thus, service of interrogatories is not jurisdictional as under section 865 et seq.

10. First Natl. Bank of Healdton v. Halback, footnote 7 supra.

11. While ruling upon a point different from the one under consideration, the Oklahoma Supreme Court said:

"Counsel in this connection also rely upon 12 O.S.1941 § 1173. This section designates the form of a summons in garnishment. It specifically provides that

Section 1172 provides:

"Either at the time of the issuing of the summons, or at any time thereafter, before final judgment, in all civil actions, or at any time after the issuing, in case of an execution against property, and before the time when it is returnable, the plaintiff * * * may file * * * an affidavit stating the amount of the plaintiff's claim against the defendant * * * and stating he verily believes that some person, naming him, is indebted to * * * the defendant, in the action or execution, naming him; and that such defendant has not property liable to execution sufficient to satisfy the plaintiff's demand, and that the indebtedness * * * is, to the best of the knowledge and belief of the person making such affidavit, not by law exempt from seizure or sale upon execution * * *; Provided, that the order of garnishment shall not be issued by the clerk until an undertaking on the part of the plaintiff has been executed by one or more sufficient sureties, * * * in a sum not less than double the amount of the plaintiff's claim, to the effect that the plaintiff shall pay to the defendant all damages which he may sustain by reason of such garnishment, together with a reasonable attorney's fee, if the order be wrongfully obtained * * *."

Thus section 1172 expressly designates that the affidavit may be filed when the summons is issued, or any time prior to final judgment, or at any time after the issuing, in case of an execution against property, and *before the time when it is returnable;* this section cannot be used

after execution has been returned unsatisfied.

This section further requires the affiant to state to the effect that the defendant does not have property liable to execution sufficient to satisfy the plaintiff's demand. On its face this appears to be in direct conflict with the prior provision requiring the affidavit to be filed before the time the execution is returnable, inasmuch as it might be reasoned that execution would have to be returned before the affiant could state with assurance that the defendant did not have property liable to execution sufficient to satisfy the plaintiff's demand. However, to give force to both provisions the statute must be construed to mean that prior to the return of execution it is the belief of plaintiff that defendant does not have property liable to execution sufficient to satisfy the plaintiff's demand. Also, the requirement of a bond further indicates that this section is not to be used in aid of execution. Although the plaintiff assumed he was proceeding in aid of execution and thus did not meet the bond requirement, he could in no event proceed under this section without the presentation of a bond.[12]

In an effort to sustain the validity of the garnishment procedure followed by the plaintiff, the court has carefully considered the other applicable garnishment statutes in an attempt to find substantial compliance with one of them.

However, plaintiff clearly has not substantially complied with section 847[13] et seq., inasmuch as a court order is required designating the time and place the garnishee is to make himself available for interrogation.

The plaintiff more nearly complies with the procedure set forth in section 863[14] et

---

such summons shall be styled the State of Oklahoma. *This section has no application to a garnishment proceeding in aid of execution. It only applies to a garnishment proceeding instituted at the commencement of an action or before execution has been returned unsatisfied.* * * * " Atlas Life Ins. Co. v. Rose, 196 Okl. 592, 166 P.2d 1011, 1013. (Emphasis supplied.)

12. In Brennan v. Moore, 93 Okl. 294, 221 P. 40, 42, the court said: "This brings

us to consider whether or not the garnishment proceeding was under section 354 [1172] or 753 [863] of Compiled Statutes 1921. *If it was under the first and not in aid of execution, then the bond would be a prerequisite to the writ.* If under section 753 [863] and in aid of execution, no bond would be necessary. * * * " (Emphasis supplied.)

13. Footnote 9 supra.

14. Footnote 5 supra.

seq. The form of plaintiff's summons could be interpreted to contain one specific interrogatory and thus place the plaintiff within the purview of this section;[15] however, section 863 further requires that the answer date be "not less than ten nor more than twenty days". In the instant case the answer date was in excess of twenty days, since summons was issued October 8th and the answer date was November 3rd.

Motion to quash is sustained.

15. "Defendant argues that the service of an order and interrogatories are essential to give the court jurisdiction under the sections of our statute above mentioned. [863 et seq.] It will be noted that those sections do not prescribe the form of the order. We think the summons, which required the garnishee to answer the one interrogatory contained therein, was a sufficient compliance with the statute. * * *" Voss Truck Lines v. Citizens-Farmers Natl. Bank of Chickasha, 187 Okl. 289, 102 P.2d 173, 175.

This *Voss Truck Lines* case factually was substantially the same as the case at bar. However, in it the garnishee voluntarily submitted to the jurisdiction of the court.