JOHN YOUST v. WILLIS *et al.*

GARNISHMENT—*Exemptions From.* Debts due the proprietor and keeper of a public hotel for boarding and accommodation of guests, are in no sense the earnings for personal or professional services of such proprietor or keeper, and are not exempt from garnishment under the provisions of subdivision 16 of § 1, ch. 34, Statutes 1893.

*Error from the District Court of Payne County.*

*Neill & Clark* and *George P. Uhl*, for plantiff in error.

*King & Hutto*, for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.:   On May 24, 1895 the defendant in error obtained a judgment against the plaintiff in error, in the district court of Payne county, for the sum of $221.27, and costs taxed at $144.45, upon which execution was issued and duly returned *Nulle Bona*.   And thereafter, on the twentieth day of January, 1896, and the third day of February, 1896, said defendants filed, in the clerk's office of said court, their affidavit for orders of garnishment, in aid of said judgment, and summonses were duly issued against divers persons therein named as garnishees.   At the time of issuing said summonses in garnishment, and for a considerable period of time prior thereto, the plaintiff in error, John Youst, was the proprietor and keeper of a certain hotel in Stillwater, in said county, and was engaged in managing and conducting said hotel, in the usual and ordinary manner and course of such business, entertaining regular boarders and transient guests.   The garnishees summoned and who answered, admitting an indebtedness from them to the said John Youst, were boarders or guests of said hotel. Afterwards, at the April, 1896, term of said court, plaintiff in error filed a motion in said cause to dissolve and vacate the garnishment proceedings, on the grounds, (1) that the money owing to the defendant from the garnishees, is, under the law of this territory exempt from garnishment; and (2) because the money owing to this defendant constitutes the earnings of this defendant within less than ninety days prior to the twentieth day of January, 1896, as shown by affidavits, "A" and "B" hereto attached and made a part hereof; and plaintiff in error filed affidavits in said court in .support of said

motion, showing that the only indebtedness due from the granishees therein to said plaintiff in error was for board and lodging furnished by said plaintiff in error at his said hotel to said garnishees, within ninety days prior to the service of such garnishment. The motion to dissolve said garnishment proceedings was, by the court, overruled. To which action of the court plaintiff excepted and has appealed.

The only question presented by this record is, whether the debts due from boarders and guests to the proprietor of a hotel are exempt from garnishment for the satisfaction of debts due and owing upon judgments by him. Counsel for plaintiff in error with great force and earnestness contend that such debts are exempt from garnishment, by virtue of the provisions of subdivision 16 of § 1, ch. 34 of the Statutes of of 1893. The said section provides that, "the following property shall be reserved to the head of every family residing in the territory, exempt from attachment or execution, and every species of forced sale, for the payment of debts," and said subdivision 16 reads, "all current wages and earnings for personal or professional services earned in the last ninety days." It is under this provision that counsel contends that the exemption is to be found; but we are not prepared to assent to the proposition of counsel that debts due for board or accommodations in a public hotel are in any sense the personal or professional earnings of the owner or proprietor of such hotel. We are not cited to any authority that holds that hotel keeping can be legally classed among the professions, and common experience will demonstrate that though the personal services of the landlord may, and alas! too frequently does, comprise the greater part of the consideration

which a guest receives, for his money paid, that such consideration may in fact, be wholly inadequate.

The garnishment proceedings herein were commenced in aid of a judgment after execution thereon returned unsatisfied, and such proceedings are under § 4396 of the general statutes, and no bond is required to be given in such proceedings.

The judgment of the court below is affirmed.

Dale, C. J., having presided in the court below not sitting; all the other Justices concurring.