## MASON *et al.* v. MILLER *et al.*

No. 5713.   Opinion Filed October 19, 1915.

Rehearing Denied December 14. 1915.

(153 Pac. 187.)

1. **GARNISHMENT—Bond—Proceedings in Aid of Judgment.** Where garnishment proceedings are commenced in aid of a judgment, after execution thereon returned unsatisfied, and such proceedings are instituted under section 6028, Comp. Laws 1909 (section 5211, Rev. Laws 1910), no bond is required to be given.

2. **SAME—Aid of Judgment—Proceedings Against Garnishee.** After the answers to the interrogatories have been verified by affidavit and filed with the clerk of the court, all subsequent proceedings against the garnishee shall be the same as in cases of attachment as far as applicable.

3. **SAME—Answer of Garnishee—Conclusiveness—Notice of Election to Take Issue.** Where a garnishee answers that it has certain stocks and dividends in its hands belonging to one of the defendants, but that it holds the same under a lien to secure an indebtedness greater than the value of stocks and dividends held by it, and the plaintiff fails to give the statutory notice under section 5718, Comp. Laws 1909 (section 4827, Rev. Laws 1910), electing to take issue on the answer, the conclusiveness of the facts therein stated cannot be questioned in any subsequent hearing in such garnishment proceedings.

4. **SAME—Rights of Defendant—Protection of Interests.** The defendant, under section 5720, Comp. Laws 1909 (section 4831, Rev. Laws 1910) may, in all cases, defend the proceeding against any garnishee upon any ground upon which a garnishee might defend the same, and defendant may participate in the trial of any issue between the plaintiff and garnishee for the protection of his interests.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by Mabel Miller against I. R. Mason and others. Judgment for plaintiff, and certain defendants bring error. Reversed.

*J. A. Bass* and *I. R. Mason,* for plaintiffs in error.

Opinion by RITTENHOUSE, C. On December 24, 1910, Mabel Miller procured judgment against I. R. Mason and James A. Cotner in the district court of Carter county, Okla., in the sum of $933.03, and on November 17, 1911, an execution was issued out of said court, which was returned unsatisfied, and afterwards a writ of garnishment was issued and served upon the Ardmore State Bank requiring it to answer certain interrogatories submitted by November 27, 1911. Upon agreement between the plaintiff and garnishee, answer was not filed until the 27th day of February, 1912. This answer alleged that the garnishee had ten shares of stock in its possession, in the name of I. R. Mason, and dividends thereon amounting to 69 per cent., but that I. R. Mason was indebted to the bank in a sum greatly in excess of said stocks and dividends. On May 18, 1912, a supplemental answer was filed by leave of court, alleging that J. E. Zook claimed to have purchased the stock standing in the name of I. R. Mason prior to the filing of the garnishment proceedings and had instituted a suit to compel the transfer thereof. On December 11, 1912, the bank filed an amended answer, admitting that it had in its possession, and not detached from the original stock book, a certificate calling for ten shares of stock, to I. R. Mason, and that a request to issue the stock to Zook was made on January 15, 1912; the actual transfer to Mason on the books of said bank being made February 10, 1912. On December 14, 1912, the bank filed another amended answer.

On April 1, 1913, I. R. Mason and James A. Cotner filed a motion to discharge the garnishment on the ground

that no bond was given, as required by section 5712, Comp. Laws 1909 (section 4823, Rev. Laws 1910), and that plaintiff had failed to join issue on the answer of the garnishee within 20 days by serving upon the garnishee a notice in writing electing to take issue on the answer, as provided by section 5718, Comp. Laws 1909 (section 4827, Rev. Laws 1910). We do not think that section 5712, *supra,* applies to the garnishment proceedings in the case at bar. The condition under which a garnishment can be procured under that section is the filing of an affidavit as provided in said section, either at the time of issuance of summons, or at any time thereafter before the final judgment, or upon judgment or decree, or at any time after the issuance, in case of an execution against property, and before the time when it is returnable; and when the proceedings are brought under this section it is necessary to give a bond. *House v. Scanlan,* 34 Okla. 796, 127 Pac. 481. But the facts do not bring the case within this section, as the execution had been returned unsatisfied and the affidavit was made under section 6028, Comp. Laws 1909 (section 5211, Rev. Laws 1910), which provides that, when an execution shall have been returned unsatisfied, the judgment creditor may file or cause to be filed an affidavit, with the clerk of the court, stating that he has good reason to and does believe that any person or corporation, to be named, has property of the judgment debtor or is indebted to him, and thereupon an order is made by the court setting a day for interrogatories to be answered and filed. No mention of a bond is made under this section. The territorial Supreme Court in construing the section in the case of *Youst v. Willis et al.,* 5 Okla. 170, 49 Pac. 56, held that, where the garnishment proceedings were commenced in

aid of judgment after execution thereon returned un-
satisfied, no bond was required to be given in such pro-
ceedings.

The next question presented is whether or not it is
necessary for the plaintiff to give the notice required by
section 5718, Comp. Laws 1909 (section 4827, Rev. Laws
1910), in order to join issue in a proceeding under sec-
tion 6028, *supra.* We think such a notice is necessary
under the statute. After the interrogatories have been
answered and filed, it is provided by section 6030, Comp.
Laws 1909 (section 5213, Rev. Laws 1910), that all the
subsequent proceedings against the garnishee shall be the
same as in cases of attachment. The pleadings in the
case at bar were the affidavit of the plaintiff and the in-
terrogatories, and the next step necessary to have been
taken in order to complete the issues was that a notice
be given by the plaintiff to the garnishee, within 20 days,
that such plaintiff elected to take issue on the answer as
provided by section 5718, *supra.* Having come to the
conclusion that a notice is necessary in order to join is-
sue, and that none was given in this case, then it be-
comes material as to what effect this has upon the pro-
ceedings. The last-named section provides that the an-
swer of the garnishee shall be conclusive of the facts
therein stated, unless such notice is given, and this has
been construed in the following cases: *Central Loan &
Trust Co. v. Campbell Commission Co.,* 5 Okla. 396, 49
Pac. 48; *Davis v. Lilly et al.,* 17 Okla. 579, 87 Pac. 302;
*House v. Scanlan, supra.* If the answer of the garnishee
became conclusive upon failure to serve the notice re-
quired by statute, and the defendants raised the question
before trial on the merits, then all subsequent acts were
*coram non judice,* and as stated in the case of *House v.*

Mason et al. v. Miller et al.

*Scanlan, supra,* the proceedings thereafter were dead, and none of the issues which have been attempted to be litigated in this action were properly before the court.

It is contended that, inasmuch as the garnishee is not complaining, the defendants cannot take advantage of the failure to join issue by service of such notice. Upon an examination of the record, we find that the defendants raised the question of the insufficiency of the proceedings at every available opportunity; that they participated in the trial in order to protect their rights, and by section 5720, Comp. Laws 1909 (section 4831, Rev. Laws 1910), the defendants are authorized to participate in the trial of the case for the purpose of protecting their rights, and for that purpose may defend proceedings against the garnishee upon any ground on which a garnishee might defend the same.

There are numerous other questions presented; but, inasmuch as the answer of the garnishee became conclusive upon the failure of the plaintiff to give such notice, the other questions are not necessary to a final determination of this cause.

The cause should therefore be reversed.

By the Court: It is so ordered.