## BRENNAN v. MOORE.

No. 14130—Opinion Filed Nov. 27, 1923.

**1. Execution—Garnishment in Aid—Bond.**

Where a writ of garnishment is asked in aid of execution under section 753, Compiled Statutes 1921, based upon affidavit as therein provided and after execution "returned unsatisfied," no bond is required of judgment creditor.

**2. Same—Issue on Garnishee's Answer—Waiver.**

Where a writ of garnishment is served, and garnishee answers interrogatories propounded, and judgment creditor serves notice to take issue with the answer, a cause is made for hearing on the affidavit of judgment creditor asking for the writ and the answer of the garnishee. and where this cause is not called up and presented to the court for hearing and determination, it is abandoned and waived.

**3. Appeal and Error—Review—Discharge of Garnishment.**

Where the judgment debtor in a garnishment proceeding moves to dissolve the same and discharge the garnishee on the grounds that the material facts stated in affidavit for the writ are false and the money subject to the writ is a deposit in the bank and exempt wages of movant, and attaches affidavit in support of motion, and gives oral testimony in hearing said motion, and the judgment creditor does not object to nor contest said motion except to cross-examine the witnesses, and the court finds in favor of the judgment debtor and discharges the garnishment, and there is substantial testimony supporting the order, same will not be disturbed on appeal.

**4. Execution—Garnishment in Aid—Insufficiency of Return on Execution.**

The provision in section 753, Compiled Statutes 1921, "where an execution which has been returned unsatisfied," does not mean any return without satisfaction whether the judgment debtor has property or not, but it does mean the judgment debtor has no property available subject to the writ for the satisfaction of the judgment, and where the return fails to show facts from which it can be reasonably inferred that no property could be found, and the return is drawn into question on a motion to dismiss the garnishment, the motion will be sustained.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court. Kiowa County; Thomas A. Edwards, Judge.

Action by Mattie Brennan against Mettie Moore. Judgment for defendant. and plaintiff brings error. Affirmed.

Clarence W. Hunter and Tolbert & Tolbert, for plaintiff in error.

Rummons & Hughes, for defendant in error.

Opinon by THREADGILL, C. The writer of this opinion of October 23, 1923, dismissing the appeal on authority of First National Bank of Hennessy v. Harding, 35 Okla. 65, 130 Pac. 905, and other authorities therein cited, concedes the error of the opinion as set out in the petition for rehearing, upon authority of section 782, Compiled Statutes of 1921, Mires v. Logan, 79 Okla. 233, 192 Pac. 811, and Strawn v. Brady, 84 Okla. 66, 202 Pac. 505, and upon the suggestion of Ruth, C., the petition for rehearing is granted and the cause is now considered on its merits.

The plaintiff in error on June 23, 1922, obtained judgment in the sum of $360.35, with interest, against Matt C. Moore and his wife, Mettie Moore, in the district court of Kiowa county, Okla., and on July 3, 1922, caused an execution to be issued against the said defendants and placed in the hands of the sheriff for service and his return on said execution was as follows:

"Sheriff's office, Kiowa County, State of Oklahoma.

"I received this writ on the 3 day of July, A. D. 1922, at____ o'clock____M. Returned by request of plaintiff. State of Oklahoma, Kiowa County, ss:

"I certify the above to be the times and manner of executing the within writ. Date, this 8 day of Sept. A. D. 1922. C. R. Lee, Sheriff of_____County. By W. T. Gann, Undersheriff"

On September 8, 1922, the plaintiff had another execution issued and placed in the hands of the sheriff for service, and the sheriff makes the following return on this execution:

"Sheriff's office, Kiowa County, State of Oklahoma:

"I received this writ on the 8 day of Sept. A. D. 1922, at_____o'clock_____M., according to the command of the within writ, finding no goods or chattels belonging to the within named defendant whereon to levy on the 9 day of Sept. A. D. 1922, I did forthwith levy said writ upon the following described: One Ford car Eng. No. 6116789—Tag 203049 of said debtor, situated in Kiowa County and State of Oklahoma, towit: Car released by order plaintiff's attorney.

"State of Oklahoma, Kiowa County. ss: I certify the above to be the times and manner of executing the within writ, Dated this 9 day of Sept. A. D. 1922. C. R. Lee, Sheriff of Kiowa County."

On December 26, 1922, by affidavit and without bond, plaintiff obtained a writ of garnishment in said cause, and had the same served on the State National Bank of Marlow, at Marlow, Okla., and the said bank filed its answer, stating that Mettie Ford (which was the same person as Mettie Moore) had on deposit in said bank $347.65, and stating further that a restraining order had been served on it not to pay out any money from said deposit to any one (save and except to said Mettie Ford) and attached a copy of said order to the answer. The plaintiff served notice that she would take issue with the garnishee on said answer.

On January 26, 1923, the defendant Mettie Moore filed a motion to dissolve and set aside the garnishment and discharge the garnishee on the grounds: (1) that the facts set forth in the affidavit to procure service of garnishee summons were untrue; (1-a) that the writ was improvidently issued for the reason that no bond was executed by the plaintiff; (2) that the monies garnished were exempt being the 90 days wages of the defendant Mettie Moore, she being the head of the family and having a family to support.

On January 27, 1923, the application to dissolve garnishment was tried to the court on the evidence alone of the said Mettie Moore and resulted in an order of court dissoving the garnishment and releasing the garnishee. The plaintiff excepted and appeals to this court for review, urging that the order discharging was error for the reason that it was based on the testimony of the defendant alone, that her testimony was impeached by her statements, set out in a verified petition filed in the district court of Stephens county, stating that the money in said bank was the proceeds of her management of a hotel as proprietor, and by which petition she obtained a restraining order against the bank, and her affidavit and testimony before the court on the motion to dissolve the garnishment being in conflict with said petition and testimony too unreasonable to be credited and the court should not have considered it in her favor, but should have held her to the theory she expressed in the injunction action and held against her testimony on the motion.

1. We cannot agree with this contention. We have examined and studied the briefs and the record and we find that the notice served by the plaintiff to take issue with the answer of the garnishee which joined the issues made a case to be heard on the affidavit of the plaintiff for the writ and the answer of the garnishee was never called up and presented to the court for determination and the contest on the

garnishee's answer must therefore be considered as abandoned or, at least, merged in the hearing on the motion of defendant to dissolve, and the record further discloses that the plaintiff did not contest the motion to dissolve or the affidavit thereto attached except by way of cross-questioning the defendant, and since the trial court heard her testimony and her explanation of the seeming conflict in her statements in the petition for injunction and her testimony on her motion to dissolve the garnishment, and was satisfied with the truthfulness of her statements, and believed her testimony, and thereupon made the order dissolving the garnishment proceedings and discharging the garnishee and the testimony being sufficient to support the order of the court, the same will not be disturbed by this court. Incorporated Town of Sallisaw v. Chappelle, 67 Okla. 307, 171 Pac. 22; Hale et al. v. Streeter, 91 Okla. 107, 216 Pac. 154.

2. The plaintiff further contends that the defendant's ground in her motion to dissolve the garnishment to the effect that the order of garnishment was improvidently issued for the reason that no bond was executed by the plaintiff, is not tenable and that the court should have so held. This brings us to consider whether or not the garnishment proceeding was under section 354 or 753 of Compiled Statutes 1921. If it was under the first and not in aid of execution, then the bond would be prerequisite to the writ. If under section 753 and in aid of execution, no bond would be necessary. Mason et al. v. Miller et al., 54 Okla. 46, 153 Pac. 187.

Plaintiff claims that the proceeding under section 753 does not provide for bond, but only provides that an execution must be issued, served, and returned unsatisfied. Plaintiff also contends that "unsatisfied" in this section means that if the sheriff did not see fit to levy on the property of the judgment debtor however much property she might have that could be levied on and he made a return of the writ without collecting the judgment, this would satisfy the statute, but we cannot agree with this construction of the word "unsatisfied." We think it was the intention of the Legislature that the officer should search for property upon which to levy the process and, if possible, satisfy the judgment by a sale of the property available and that the writ of garnishment could not be invoked until the sheriff made an effort and used every reasonable means to find property under the execution, and that his return must show these facts leading to the conclusion that no property could be found before a writ of garnishment under this section could be issued. Now do the returns as above stated come up to these requirments under this section? We think not. The return of the sheriff under the first execution does not show that he did anything but receive the writ and return it by the request of the plaintiff. His return under the second execution was that he received the writ and executed it by levying on a Ford car belonging to the debtor and releasing it on the order of plaintiff's attorney.

The statement in this return, "finding no goods or chattels belonging to the within named defendant whereon to levy," being inconsistent with his statement that he levied on the Ford car, would be surplusage, and we must conclude that neither one of these returns is sufficient to show that there was no property that could be taken under execution and applied on the judgment, and the writ of garnishment should not have been issued and served without bond.

Finding no error in the order of the court dissolving the garnishment and discharging the garnishee, we recommend that same be affirmed.

By the Court: It is so ordered.