EDUCATORS AUTOMOBILE INSURANCE
COMPANY, Plaintiff in Error,

v.

M. L. JONES, Defendant in Error.

No. 41555.

Supreme Court of Oklahoma.

May 16, 1967.

Newcombe, Redman & Doolin, by Ralph W. Newcombe, Lawton, for plaintiff in error.

Nicklas, Parrish & Saenz, by W. F. Parrish, Jr., Lawton, for defendant in error.

BLACKBIRD, Justice.

This appeal involves a garnishment proceeding in aid of execution.

In April, 1964, defendant in error, as plaintiff, after a jury trial of the District Court's Cause No. 20113, and a verdict in his favor thereon, recovered a joint judgment against one Ed Mayes and his daughter, Margaret Mayes, in the sum of $3,330.-63 and costs. In June thereafter execution was issued on said judgment and returned: "Nothing found."

Thereafter, on June 8, 1964, there was filed in said cause, on behalf of said plaintiff, or judgment creditor, an instrument entitled: "AFFIDAVIT FOR GARNISHMENT AFTER JUDGMENT", in which it was stated, among other things, that "* * * the affiant believes that the Educators Automobile Insurance Company, a Corporation, has property, money, goods, chattels, credits and effects in its hands and under its custody and control belonging to the Defendant (Margaret Mayes), and that said Insurance Company, Inc., is indebted to * * * (said) Defendant."

The next day, a "SUMMONS IN GARNISHMENT" was issued, addressed to Educators Automobile Insurance Company, as garnishee of Margaret Mayes, requiring it on or before July 8, 1964, "* * * to answer, according to law, whether you are indebted to or have in your possession or under your control any property, real or personal, belonging to such Defendant_, * * *."

Copies of this summons were served upon both Ed and Margaret Mayes (in a manner of which no specific complaint is now made) and upon the said named Insurance Company, appearing herein as plaintiff in error (but continually referred to as "Garnishee"), by mailing a copy thereof to this State's "INSURANCE DEPARTMENT".

Thereafter, in August, 1964, the garnishee filed in said cause a pleading entitled: "MOTION TO QUASH GARNISHMENT SUMMONS AND OBJECTION TO JURISDICTION AND VENUE OF THE COURT."

Thereafter, on September 2, 1964, the court overruled the garnishee's motion and objection, its order reciting, among other things, that: "* * * * the Garnishee is hereby given twenty (20) days from this date within which to file its answer to the Garnishment Summons in this cause."

Thereafter, on September 10, 1964, the garnishee filed its answer "specifically reserving its exception to the jurisdiction of the court * * *", alleging that it is a Texas corporation, and denying that it had "in its possession or under its control any indebtedness or property within Comanche County, State of Oklahoma, owing or belonging to the Defendant, Margaret Mayes."

On the following September 24th, Jones, the plaintiff, and defendant in error, but hereinafter referred to as "garnisher", filed a motion for default judgment against the

garnishee on the mistaken assumption that it had not filed its answer within the time allowed by the hereinbefore quoted court order.

After learning that the garnishee had filed the answer, the Garnisher, on October 12, 1964, filed in said cause an instrument entitled "NOTICE", purporting to notify the garnishee that he elected to "take issue on your answer * * *." Copies of this notice were mailed to the Mayes' attorney (who had also represented the garnishee at the aforesaid hearing on its motion to quash and objection) and to the State's Insurance Commissioner, who, in turn, mailed copies thereof to offices of the garnishee in Texas and Arkansas.

More than five months thereafter, in March, 1965, there was filed in the proceedings a journal entry of a "JUDGMENT IN GARNISHMENT" decreeing that the garnisher have and recover against the garnishee judgment in the same amount garnisher had previously recovered, as aforesaid, against the Mayes, with interest from the date of said previous judgment, and court costs of the original action, and of the garnishment proceedings, in a specified additional amount.

After the overruling of the garnishee's motion for a new trial, it perfected the present appeal by transcript.

Garnishee's "Proposition I" for reversal is as follows:

"The trial court erred in overruling the Garnishee's motion to quash the garnishment summons and the objection to the jurisdiction and venue of the court for the reason that plaintiff did not follow any proper statutory procedure in the garnishment proceeding."

Under this proposition, despite its above quoted wording, garnishee says, among other things, that "it is apparent" that, in commencing the garnishment proceedings, the garnisher "was attempting to proceed under Title 12, Oklahoma Statutes (1961), Section 863, et seq.". Garnishee further calls our attention to the rule, however,

that since garnishment is an extraordinary remedy prescribed by our statutes, said statutes must be substantially complied with in attempting to obtain that remedy. Among the defects garnishee cites in the subject garnishment proceedings are the garnisher's failure to prepare and serve upon it the interrogatories which § 864, Title 12, supra, provides "shall be served on the garnishee at the time of", or within three days after, the service upon it of the court clerk's "order" spoken of in § 863, supra.

■ Although garnishee's brief says, in one place, that the "SUMMONS IN GARNISHMENT" in this case contains the same wording set forth in Tit. 12 O.S. 1961, § 1173, it fails to demonstrate its insufficiency for use, and consideration, as the clerk's "order" prescribed in § 863, supra. Garnishee also points out that the "SUMMONS IN GARNISHMENT" allowed it almost *thirty* days to file its answer in the proceedings, rather than the "not less than ten nor more than twenty days" within which § 863 prescribes that a clerk's "order" require a garnishee to answer "all interrogatories that may be propounded by the judgment creditor * * *". Garnishee makes no attempt to show, however, that its rights were prejudiced by having ten more days to answer than the maximum time prescribed by § 863, supra; and, it does not appear that either of the judgment debtors ever complained about this. In a similar way that this court has held that a summons giving a defendant more time to answer than required by statute, is no ground upon which to quash the summons (Armstrong v. May, 55 Okl. 539, 155 P. 238) we hold that the similar feature of the garnishment summons in the present case did not render reversible error the trial court's order overruling the garnishee's motion to quash and objection to said court's jurisdiction.

■ We have reached a similar conclusion with reference to the fact that the document issued by the Clerk was labeled a "SUMMONS IN GARNISHMENT" rather than the "order" referred to in §

863, *supra*, and also to the fact that neither the garnisher (judgment creditor) nor his attorney prepared and served upon the garnishee the "interrogatories" referred to in § 864, *supra*. We think the "SUMMONS IN GARNISHMENT" which "required the garnishee to answer the one interrogatory contained therein, was a sufficient compliance with the statute." Voss Truck Lines v. Citizens-Farmers Nat. Bank, 187 Okl. 289, 290, 102 P.2d 173, 175. Both the cited case and the present case are distinguishable from First Nat. Bank of Healdton v. Halback, 160 Okl. 82, 15 P.2d 586, because in the last cited case there was no interrogatory of any kind for the garnishee to answer and it did not assume to answer anything; while here, and in the Voss Truck Lines Case there was, and the garnishee did answer (albeit in this case the answer was filed under a subsequent order of the court).

Garnishee's "PROPOSITION NO. 2" is as follows:

"The answer of Garnishee is conclusive of the facts therein stated, because the plaintiff failed to serve upon the Garnishee notice in writing of his election to take issue with Garnishee's answer within 20 days after Garnishee's answer was filed in the District Court."

Under this Proposition, garnishee shows that it is jurisdictional, under §§ 1176 and 1177, Tit. 12, *supra*, for the party garnisheeing (called "plaintiff" in said section) to serve the notice that he elects to take issue on the garnishee's answer (prescribed by § 1176 to be in the form of an affidavit) "within twenty days" from the date said answer is filed (House v. Scanlan, 34 Okl. 796, 127 P. 481); and it says:

"In Mason et al. v. Miller, 54 Okl. 46, 153 P. 187, this court held that it is necessary to file notice of election to take issue with the Garnishee's answer * * *, even if the plaintiff is proceeding under section 863, et seq."

As Garnisher points out, if his failure to file his notice of election, within the time

contended for by garnishee, was error, it could not have been a ground for the motion to quash an objection to the court's jurisdiction, which (as hereinbefore shown) the garnishee filed (and which was overruled) before the garnishee had ever filed any kind of an answer, with which anyone could have taken issue. (This, however, does not demonstrate error in the statements made in the early case of Mason v. Miller, *supra*, on which garnishee relies for his position that such a notice of election is necessary in garnishment proceedings under §§ 863 and 864, *supra*). Garnishee points to the court's recognition, in that case, of § 865's provision that: "All subsequent proceedings against the garnishee shall be the same as in cases of attachment, as far as applicable" as a conceivable reason for the necessity of filing such a notice of election to take issue, in proceedings under §§ 863 and 864.

 While neither the garnishee here, nor the court in that case, explains why that should be valid reason to require the garnishee, in such a proceeding, to file such a notice, we do not think such a requirement, or necessity, existed in the present case, where it does not appear from the transcript (which is the only record of the trial court's proceedings we have) that the "proceedings against the garnishee" in this case were the same, or were treated the same, as "cases of attachment." Here, the party's briefs make no representation that the issues between the plaintiff, or garnisher, and the garnishee, were not given the full scale trial authorized for civil cases generally, when at issue on their merits; and the transcript before us does not unequivocally so show. For instance, although the journal entry of "JUDGMENT IN GARNISHMENT" first recites: "On this 29th day of March, 1965, this cause comes on for hearing *upon the pleadings* submitted and filed on behalf of both parties hereto, * * *." (Emphasis added), it thereafter also recites:

"Whereas, the Plaintiff has sustained *the burden of proof* required in connec-

tion with this matter, and the court finds that said Plaintiff is entitled to judgment * * *." (Emphasis added).

And, as indicating that evidence was introduced at the trial (as in a trial on the merits) we notice that the third ground, alleged in the garnishee's motion for a new trial, was:

"(3) That the Court committed error in overruling the demurrer *to the evidence* of the Plaintiff herein, M. L. Jones." (Emphasis added).

Thus, in this state of the only record before us, it is impossible to say, with any degree of certainty, that the actual trial of the cause proceeded any differently than it would have, if the plaintiff, or garnisher, had filed his formal notice of election to take issue on the garnishee's answer, within 20 days from the date said answer was filed. Thus, we may say, with reference to the garnishee, the same thing that was said in the Voss Truck Lines Case, supra, concerning the absence of service of an order and interrogatories, and this fact's effect on the defendant in that case: This fact " * * * is not shown to have deprived * * * (it) of any substantial right." And, the garnishee is incorrect in asserting in its "Reply to Defendant's Answer to Proposition No. 1", that "the burden is upon the defendant in error (garnisher) here to show the transcript of the argument, and proceedings on plaintiff in error's (garnishee's) motion for a new trial in support of his assertions and arguments in * * *" this court. On the contrary, the burden was upon the garnishee, or plaintiff in error, who lodged this appeal, to file in this court a record that would support its assignments of error. See Dunlap v. Jeffrey, Okl., 260 P.2d 1072, and 4 Am.Jur., "Appeal and Error" § 398, citing Baca v. Unknown Heirs of Jacinto Palaez, 20 N.Mex. 1, 146 P. 945, and other cases. As from the record before us, it does not affirmatively appear that there was any insurmountable obstacle to the trial court's assumption of jurisdiction to try this case, or that, in said trial, any substantial rights

of the garnishee, or plaintiff in error, were prejudiced, and said garnishee has not discharged its burden, in this appeal, of showing that said court lacked jurisdiction, and that its rights were prejudiced, we have concluded that all the garnishee's arguments herein are without merit and show no justifiable ground for reversing the judgment appealed from. Said judgment is therefore affirmed.

All the Justices concur.