*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0241P (6th Cir.)
File Name: 00a0241p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,
          *Plaintiff/Appellee,*

          *v.*

RITA ANDREWS,
                    *Defendant,*

MILLERS CHILDRENS
APPAREL,
          *Garnishee-*
*Defendant/Appellant.*

No. 99-1147

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 97-70566—John Feikens, District Judge.

Submitted: April 28, 2000

Decided and Filed: July 21, 2000

Before: KENNEDY, SILER, and BATCHELDER, Circuit
Judges.

---

**COUNSEL**

**ON BRIEF:** Loretta Miller, Proprietor, MILLERS CHILDRENS APPAREL, Detroit, Michigan, pro se. Sheridan V. Holzman, HOLZMAN & HOLZMAN, Southfield, Michigan, for Appellee.

---

**OPINION**

---

SILER, Circuit Judge. Defendant Millers Childrens Apparel ("Millers Childrens") appeals the judgment against it in a garnishment proceeding. Millers Childrens is the garnishee of the prior judgment debtor and principal defendant, Rita Andrews. We reverse and remand.

### BACKGROUND

Andrews executed two promissory notes under loan guarantee programs authorized under the Higher Education Act of 1965, 20 U.S.C. §§ 1071-1155, in the total amount of $5000. When she defaulted on those notes, the United States initiated an action against her in the Eastern District of Michigan and obtained a default judgment in the amount of $5,272.95. In the course of a collection investigation, Sheridan Holzman, counsel for the United States, obtained a rental application for Edward Flowers, on which he indicated that Andrews was Flowers's spouse and that she had been employed by Millers Childrens. Additionally, this rental application designated Loretta Miller as a reference in case of an emergency. Holzman also obtained a copy of a letter, which appears to have been written by Miller, indicating that Andrews was an employee of Millers Childrens.

The United States obtained a writ of garnishment against Millers Childrens as the garnishee-defendant, which was served upon Millers Childrens. The writ required that Millers

Childrens respond in writing and declare under oath within ten days whether it had in its custody, control, or possession any property owned by Andrews. Additionally, the writ required Millers Childrens to file this disclosure with the clerk of the federal district court in Detroit. Millers Childrens wholly failed to respond to this writ and the United States filed a petition for judgment against it as garnishee of Andrews. This petition included a notice of hearing, which was scheduled on December 22, 1998. Prior to the hearing, having received no response from Millers Childrens, the court determined that a hearing was not necessary and ordered the United States to prepare a proposed order of judgment. Following the preparation of this order and its service upon Millers Childrens, the court entered judgment against Millers Childrens and this appeal followed.

### *DISCUSSION*

Millers Childrens asserts that it was denied due process of law in that it received no notice of the hearing on the motion for judgment in violation of Federal Rule of Appellate Procedure 25. Of course, Rule 25 had no application to this hearing as the case was still in district court. However, the United States responds that it fully complied with the notice provisions of Federal Rule of Civil Procedure 6(d) which requires that a "written motion . . . and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing[.]" Fed. R. Civ. P. 6(d). It is clear that along with its motion for judgment the United States included a certificate of service indicating that the motion was served by first class mail on November 30, 1998. Additionally, the court provided notice of this motion to Millers Childrens by mailing the motion to Millers Childrens on December 8, 1998. The hearing was scheduled for December 22, 1998; thus, Millers Childrens received proper notice of the motion under Rule 6(c) and therefore the notice requirement of due process was met.

The judgment was rendered under the exclusive procedure for the United States to recover judgment on a debt. *See* 28

U.S.C. § 3001(a)(1). Under this statutory procedure, in pursuing a post-judgment garnishment, the garnishee must respond to a writ of garnishment just as Millers Childrens was ordered to do in this case. *See* 28 U.S.C. § 3205(c)(4). There is no time limitation in the statute for this response, but in this case the garnishee was given an ample five months in which to respond. The United States argues that a garnishee's failure to comply with a writ enables the United States to petition the court for judgment against the garnishee. However, the procedure provided by the statute actually allows the United States to petition the court for an order requiring the garnishee to appear:

> Garnishee's failure to answer or pay.--If a garnishee fails to answer the writ of garnishment or to withhold property in accordance with the writ, the United States may petition the court for an order requiring the garnishee to appear before the court to answer the writ and to so withhold property before the appearance date. If the garnishee fails to appear, or appears and fails to show good cause why the garnishee failed to comply with the writ, the court shall enter judgment against the garnishee for the value of the judgment debtor's nonexempt interest in such property (including nonexempt disposable earnings). The court may award a reasonable attorney's fee to the United States and against the garnishee if the writ is not answered within the time specified therein and a petition requiring the garnishee to appear is filed as provided in this section.

28 U.S.C. § 3205(c)(6).

Although the issue is not raised by either party, the court erred in entering the judgment without holding a hearing to allow Millers Childrens to appear. Instead of petitioning the court for an order requiring Millers Childrens to appear, the United States petitioned for an order of judgment which was granted without a hearing. This error is inequitable due to the contents of an attachment to the reply brief of Millers Childrens. This attachment is a letter purportedly written by

Andrews which states that she lied on the rental application when she indicated that she was employed by Millers Childrens. The letter also states that Loretta Miller had no knowledge of this false assertion. This letter is notarized and includes an address for Andrews. Obviously, if what is stated in the letter is true, Millers Childrens has no connection with Andrews and the judgment against it should not stand. Thus, this matter is remanded for the district court to issue an order requiring the garnishee to appear under 28 U.S.C. § 3205(c)(6) and to hold other proceedings consistent with this opinion.

REVERSED AND REMANDED.