In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1430

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SHAKIR MEUX,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 03 CR 39—**Christopher A. Nuechterlien**, *Magistrate Judge.*

ARGUED NOVEMBER 10, 2009—DECIDED FEBRUARY 26, 2010

Before POSNER and FLAUM, *Circuit Judges*, and DER-YEGHIAYAN, *District Judge.**

DER-YEGHIAYAN, *District Judge.* Shakir Meux was sentenced in the instant case to a term of imprisonment and was ordered to pay a mandatory restitution. All post-judgment proceedings were referred by the district court

---

* Hon. Samuel Der-Yeghiayan, District Judge for the Northern District of Illinois, is sitting by designation.

judge to the magistrate judge. The magistrate judge granted the Government's motion for turnover of funds. Meux appeals the ruling of the magistrate judge. For the reasons stated below, we affirm the ruling of the magistrate judge.

## I. Background

Shakir Meux was sentenced on October 24, 2003, in the instant case (Case Number 03 CR 39) to a term of imprisonment of 37 months. He was also ordered to pay a mandatory restitution of $134,218.52, pursuant to 18 U.S.C. § 3663A of the Mandatory Victims Restitution Act (MVRA). On February 8, 2008, the Government filed with the district court an "Agreed Motion for Order Directing Employer to Make Deductions from Employee's Income and Pay to the United States." On February 11, 2008, the district court judge referred the matter to the magistrate judge for all post-judgment proceedings. On February 14, 2008, pursuant to the agreed motion, the magistrate judge ordered that $50 be garnished from each of Meux's paychecks to be paid to the United States. In an unrelated criminal matter (Case Number 01 CR 185), the United States Marshal had custody of $4,881.00 that belonged to Meux. On December 15, 2008, the Government filed a Motion for Turnover of Funds for Restitution, seeking turnover of the $4,881.00. The record reflects that the $4,881.00 was seized in 2001 and there is no indication that Meux showed any interest in reclaiming the $4,881.00 before the filing of the Government's Motion for Turnover,

approximately seven years later. On January 30, 2009, a hearing was held before the magistrate judge regarding the Government's Motion for Turnover, and on February 2, 2009, the magistrate judge granted the Government's motion. Meux appeals the February 2, 2009 ruling of the magistrate judge.

## II. Discussion

Meux argues that the Government should have filed a motion for garnishment of the $4,881.00, pursuant to 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001 *et seq.* as opposed to filing the Motion for Turnover. Meux also argues that the magistrate judge was without jurisdiction to enter a final order directing that the $4,881.00 be turned over to the Government in partial satisfaction of the restitution order.

We first decide whether we have jurisdiction to hear this appeal. Pursuant to 28 U.S.C. § 1291, we have jurisdiction to hear "appeals from all final decisions of the district courts of the United States. . . ." *Id.* Pursuant to 28 U.S.C. § 3008, "[a] district court of the United States may assign its duties in proceedings under this chapter to a United States magistrate judge to the extent not inconsistent with the Constitution and laws of the United States." *Id.* The magistrate judge in the instant case, after assignment by the district court, entered a final judgment. Since the district court judge properly assigned its duties relating to post-judgment proceedings to the magistrate judge, and the magistrate

judge pursuant to that assignment entered a final judgment, we have appellate jurisdiction in this matter.

We now turn to the issue of whether the magistrate judge had jurisdiction to rule on the Government's Motion for Turnover. Although the magistrate judge could have ordered the turnover of the $4,881.00 in garnishment proceedings under 28 U.S.C. § 3205 of the FDCPA, the magistrate judge was not limited to conducting garnishment proceedings. As indicated above, pursuant to 28 U.S.C. § 3008, a "district court of the United States may assign its duties in proceedings under this chapter to a United States magistrate judge to the extent not inconsistent with the Constitution and laws of the United States." *Id.* The FDCPA provides that the availability of proceedings, such as garnishment proceedings, as a mechanism for collecting debts "shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case." 28 U.S.C. § 3003(b)(2). In addition, pursuant to 18 U.S.C. § 3613(a) and (f) of the FDCPA, the United States is authorized to enforce a judgment imposing a fine or restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a), (f); *see also e.g., United States v. Hosking*, 567 F.3d 329, 334-35 (7th Cir. 2009). Under 18 U.S.C. § 3613(c) of the FDCPA, once the restitution was ordered in this case, all of Meux's property became subject to a lien. The magistrate judge, having been assigned by the district court judge the duties to conduct all post-

judgment proceedings, had authority in the instant case to hold a hearing and to order the turnover of funds to satisfy that lien. Liens based on restitution orders "are treated like tax liens . . . so that they are 'effective against every interest in property accorded a taxpayer by state law. . . .'" *United States v. Kollintzas*, 501 F.3d 796, 802 (7th Cir. 2007) (quoting in part *United States v. Denlinger*, 982 F.2d 233, 235 (7th Cir. 1992)); *see also Hosking*, 567 F.3d at 335 (stating that "§ 3613 treats a restitution order under the MVRA like a tax liability" and "[t]his means that any property the IRS can reach to satisfy a tax lien, a sentencing court can also reach in a restitution order"). Thus, the $4,881.00 was subject to a lien to satisfy the restitution obligation.

In addition, the record reflects that Meux was provided with essentially the same due process protections he would have been accorded in garnishment proceedings. Specifically, Meux was provided with notice of the Motion for Turnover, was appointed counsel to represent Meux relating to the motion, and was granted a hearing before the magistrate judge to address the motion.

Meux owed the United States $134,218.52 in restitution. The United States is unmistakably entitled to collect the restitution owed by Meux. Meux had his day in court and the magistrate judge properly ordered the turnover of the $4,881.00, which was in partial satisfaction of the restitution amount. Meux has not shown any meaningful relief he can gain from this appeal, nor has Meux shown any reason to disturb the order of the magistrate judge.

### III.  Conclusion

For the above stated reasons, we AFFIRM the ruling of the magistrate judge granting the Turnover Motion.