NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2010[*]
Decided December 3, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 09-3677 & 10-2526

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | |
| | No. 1:07-cr-00096-WCL-RBC-1 |
| KEVIN J. BLEVINS, a.k.a. KEVIN J. MAMON, *Defendant-Appellant.* | William C. Lee, *Judge.* |

No. 10-2462

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | |
| | No. 1:07-cr-00096-WCL-RBC-1 |
| KEVIN J. BLEVINS, a.k.a. KEVIN J. MAMON, *Defendant-Appellant.* | Roger B. Cosbey, *Magistrate Judge.* |

---

[*] After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus these appeals are submitted on the briefs and records. *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

Kevin Blevins[1] pleaded guilty to fraudulent use of a credit card.  *See* 18 U.S.C. § 1029(a)(2).  The district court sentenced him to 5 years' probation (with two months of house detention) and ordered him to pay a $100 special assessment, and make restitution to the tune of $2,551.  While on probation, Blevins was charged with theft/receiving stolen property in an Indiana state court.  After he was convicted in state court, the district court revoked his probation, sentenced him to 6 months' imprisonment to run consecutively to his incarceration on the state charges, and reimposed restitution.  Since then Blevins has filed a flurry of postjudgment motions and now appeals the adverse rulings.  We consolidate his three appeals and resolve them all in this order.

Only appeal no. 10-2462 merits discussion.  Blevins's other two appeals are without merit.  The arguments Blevins makes in his appellate brief for those cases concern only the revocation of his probation and the reinstatement of the order imposing restitution, but neither appeal was timely as to those matters.  And any other argument that Blevins could have made in appeals no. 09-3677 and no. 10-2526 is abandoned by its omission from his brief.  *See United States v. Venters*, 539 F.3d 801, 809 (7th Cir. 2008).

In appeal no. 10-2462 Blevins challenges a garnishment order.  Blevins had not paid the special assessment or restitution, so the government initiated garnishment proceedings against $5,558 belonging to Blevins but held by the Indianapolis Metropolitan Police Department.  *See* 28 U.S.C. § 3205.  Blevins was notified about the proceedings and told that he could demand a hearing if he believed the stash of cash was exempt from garnishment.  *See id.* § 3202(d).  Blevins responded that he did not object.  Only later, after the police department was ordered to disburse $2,752 to satisfy his obligations, did Blevins object.  He argued that the money was exempt from garnishment and he asked for a hearing.

The magistrate judge handling the garnishment proceedings, *see* 28 U.S.C. § 3008; *United States v. Meux*, 597 F.3d 835, 837-38 (7th Cir. 2010), refused to reopen the matter.  The judge concluded that Blevins waived any objection by affirmatively stating that he did not oppose the garnishment.  Moreover, the judge observed, Blevins had not served his objection on the police department as required.  *See* 28 U.S.C. § 3205(c)(5).  And, the judge continued, Blevins's request for a hearing came too late: A hearing must be demanded

---

[1]  We note that the probation officer observed that Blevins legally changed his name to Kevin Mamon.  But in all the documents he filed in this court, he uses Blevins.  We shall do the same.

within 20 days of receiving notice of a proposed garnishment proceeding, but Blevins waited almost eight months.  *See id.* § 3202(d).

On appeal Blevins argues that the government was not authorized to use a writ of garnishment to collect the restitution he owed.  But the government can use civil garnishment as a postjudgment remedy within an underlying criminal case.  *See Meux,* 597 F.3d at 837; *United States v. Kollintzas,* 501 F.3d 796, 800-01 (7th Cir. 2007).  Blevins also asserts that he was prejudiced because the police department waited seven months before acknowledging the writ of garnishment.  But Blevins does not explain how the delay harmed him, nor do we discern any conceivable prejudice.  The police department's response simply confirmed what Blevins already had acknowledged in his initial response: that the police department held $5,558 in currency that belonged to Blevins.  Finally, Blevins insists that the police department's delay rendered the garnishment proceedings procedurally improper.  That contention is frivolous.  Section 3205(c)(2)(E) does require that a writ of garnishment limit the garnishee's response time to 10 days of service, but that provision protects the government, not the owner of the property.  A short window lessens the chance that a sympathetic garnishee might be tempted to collude with the property owner to avoid his debt.  *See Great Neck Plaza, L.P. v. Le Peep Rests., LLC*, 37 P.3d 485, 488 (Colo. App. 2001) (stating that purpose of garnishment is to prevent loss or dissipation of assets and determine ownership of funds)*; Marcus, Santoro & Kozak, P.C. v. Hung-Lin Wu*, 652 S.E.2d 777, 783 (Va. 2007) (explaining that writ of garnishment effectively warns garnishee not to release funds to judgment debtor); Thomas J. Goger, Annotation, *Liability of Creditor for Excessive Attachment or Garnishment,* 56 A.L.R.3d 493 (1974) (stating that purpose of garnishment is to seize and hold property of debtor thereby preventing loss or dissipation by fraud or otherwise).  But the owner of the property is not harmed by a garnishee's refusal to answer a writ of garnishment, and that is why § 3205(c)(6) permits the government to take action against a garnishee who ignores a writ.  *See United States v. Andrews*, 221 F.3d 894, 895-96 (6th Cir. 2000) (stating that garnishee's failure to respond allows government to petition court to order garnishee to appear to answer writ); *Educators Auto. Ins. Co. v. Jones*, 428 P.2d 277, 279 (Okla. 1967) (holding that affording garnishee 10 days beyond statutory time of not less than 10 nor more than 20 days to respond to writ did not render proceedings procedurally improper where neither garnishee nor judgment debtors suffered prejudice as a result).  In any event, Blevins has not addressed the magistrate judge's alternative holding that his objection was improper because he failed to serve it on the police department as required.  *See* 28 U.S.C. § 3205(c)(5).  His failure to address the magistrate judge's alternative holding waives any claim of error with respect to that issue.  *See Maher v. City of Chicago*, 547 F.3d 817, 821 (7th Cir. 2008); *United States v. Hatchett*, 245 F.3d 625, 644-45 (7th Cir. 2001).

Accordingly, the judgments in each of Blevin's three appeals are AFFIRMED.