# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2011

No. 10-11282
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

RICHARD LEON GOYETTE, also known as Michael Edward Jurek, also known as Chris Bently,

Defendant–Appellant

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-264

---

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Richard Leon Goyette, proceeding *pro se*, appeals from the district court's amended final order of garnishment, which enforced a restitution order that was part of the sentence imposed for Goyette's underlying criminal conviction. Goyette alleges that during this garnishment action he was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11282

afforded due process, and that numerous statutory violations and procedural errors occurred.  We affirm.

## I.  BACKGROUND

In an earlier criminal case, Goyette pleaded guilty to one count of Threats and False Information in violation of 18 U.S.C. § 844(e), and one count of Threats and Hoaxes in violation of 18 U.S.C. § 1038(a)(1).  As part of his sentence, Goyette was required to pay $87,734.40 in restitution under the Mandatory Victims Restitution Act ("MVRA").  A lien for this amount arose automatically against Goyette pursuant to 18 U.S.C. § 3613(c).

Since his sentencing, Goyette has proceeded *pro se*.  He failed to timely file the notice of appeal of his judgment of conviction and sentence.  This court remanded his untimely notice of appeal to the sentencing court to treat as a motion for an extension of time to appeal.  Finding no excusable neglect or good cause to extend the time limit, the sentencing court denied the motion on December 16, 2009.

In October 2009, because Goyette refused to pay the restitution amount, the United States initiated this garnishment action under the Federal Debt Collection Procedures Act ("FDCPA") to enforce the sentencing court's restitution order.  The district court ordered the clerk to issue writs of garnishment, which were all properly served on the garnishees.  On December 14, 2009—two days before the sentencing court denied his motion to extend the time limit for filing an appeal in his criminal case—Goyette moved to quash a writ of garnishment issued to Ameritrade, Inc., where Goyette had $339,085.03.  He argued that his criminal appeal challenged the bulk of the restitution order, and therefore he should have the chance to appeal before his assets were garnished.  The district court denied the motion in January 2010, stating that Goyette had not objected to the restitution order at sentencing, and that a challenge to the underlying

2

No. 10-11282

restitution order was not a proper reason to quash a writ of garnishment in the action to enforce that order.

In January and February 2010, in response to the clerk's sending a notice of post-judgment garnishment, Goyette requested a hearing pursuant to 28 U.S.C. § 3202. The district court denied both requests, stating that Goyette had requested the hearing in order to attack the restitution order, which was not among the limited issues the statute set forth set forth in the statute to be considered at such a hearing.

In late February 2010, the United States moved for entry of a final order of garnishment. In March 2010, Goyette filed—and the district court denied—a motion to stay the judgment of restitution and a motion to quash the United States's attempt to collect a 10% surcharge on the restitution balance. The district court entered its final order of garnishment on May 20, 2010.

Goyette appealed the final order of garnishment and also filed a motion to amend/correct the final order of garnishment. The district court entered an amended final order of garnishment in June 2010, and this court dismissed Goyette's appeal as moot. *United States v. Goyette*, No. 10-10581 (5th Cir. Dec. 9, 2010) (per curiam). Goyette then filed another motion to amend/correct the final order of garnishment, which the district court denied in November 2010. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

As an initial matter, the United States challenges our jurisdiction, arguing that Goyette did not timely file a notice of appeal. Goyette appeals from the district court's amended final order of garnishment, which was entered on June 23, 2010. It is true that Goyette filed his notice of appeal nearly six months later, on December 20, 2010, but in the interim he had timely filed a motion to amend/correct the amended final order of garnishment. Goyette's filing of this motion caused the time to file a notice of appeal to run from the entry of the

3

order disposing of that motion, which was November 19, 2010.  Fed. R. App. P. 4(a)(4)(A).  Accordingly, we have jurisdiction because Goyette's notice of appeal was filed well within the 60-day window afforded litigants in suits involving the United States.  *See* Fed. R. App. P. 4(a)(1)(B).

The res judicata effect of a prior judgment is a question of law that we review de novo.  *In re Tex. Wyo. Drilling, Inc.*, 647 F.3d 547, 550 (5th Cir. 2011).  We review the district court's denial of an evidentiary hearing for abuse of discretion.  *See, e.g.*, *United States v. Jimenez*, 509 F.3d 682, 694 (5th Cir. 2007).  The district court's findings of fact are reviewed for clear error and conclusions of law are reviewed de novo.  *Fox v. Vice*, 594 F.3d 423, 426 (5th Cir. 2010)

### III.  DISCUSSION

In his *pro se* brief, which we construe liberally, *see Windland v. Quarterman*, 578 F.3d 314, 316 (5th Cir. 2009), Goyette sets forth numerous constitutional and statutory violations that he claims have afflicted this garnishment proceeding.  Essentially, he argues that: (1) he is entitled to an evidentiary hearing at which he can challenge the amount of restitution imposed as a part of his sentence; and (2) the district court abused its discretion by imposing a 10% surcharge on the restitution amount under 28 U.S.C. § 3011.

### A.    Goyette's Right to a Hearing

Throughout the garnishment proceeding, Goyette has disputed the amount of restitution ordered at sentencing.  He has repeatedly demanded a hearing under 28 U.S.C. § 3202(d) to contest the amount of restitution ordered by the sentencing court, and argues that the district court's denial of such a hearing violated his due process rights. Section 3202(d), however, permits a hearing only on limited issues: (1) "the probable validity of any claim of exemption by the judgment debtor," (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted," and (3) particular issues dealing with default judgments.  *Id.*  Goyette did not claim an exemption, he did not

show noncompliance with any statutory requirement for the issuance of a writ of garnishment, and the judgment the United States sought to enforce was not a default judgment.  Instead, he reiterated his demand for a hearing at which to contest the restitution order itself.  As the district court correctly determined, Goyette cannot use this garnishment proceeding to collaterally attack the amount of restitution ordered in his criminal case.  *See Travelers Indem. Co. v. Bailey*, 129 S. Ct. 2195, 2205 (2009) ("[O]nce the [orders in the previous case] became final on direct review . . . they became res judicata to the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." (quotation marks and citations omitted); *United States v. Adams*, 363 F.3d 363, 365 (5th Cir. 2004) ("Restitution under the MVRA . . . is a criminal penalty and a component of the defendant's sentence."); *cf. United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) ("[Procedural bar] arise[s] where a defendant had the opportunity to raise contested issues in a direct appeal from his conviction but failed to do so.").

**B.    Surcharge on Restitution**

Goyette argues that the district court's decision to impose a 10% litigation surcharge on the balance of the restitution he owed was an abuse of discretion. In a garnishment action to enforce a restitution order, the "United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt."  28 U.S.C. § 3011(a); *see also id.* § 3205.  The only exceptions to this general rule are if the United States receives an award of attorney's fees in connection with the enforcement action, *id.* at § 3011(b)(1), or if "the law purusant to which the action on the claim is based provides any other amount to cover such costs," *id.* at § 3011(b)(2).  Neither exception applies here.

No. 10-11282

Accordingly, the district court did not abuse its discretion by imposing the statutorily permitted 10% litigation surcharge.

## IV.  CONCLUSION

For the foregoing reasons, the amended final order of garnishment is affirmed.

AFFIRMED.