NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2018[*]
Decided April 5, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-2934

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-CR-36-WMC-1 |
| ERNEST K. BANKAS, *Defendant- Appellant*. | William M. Conley, *Judge*. |

### O R D E R

Ernest Bankas pleaded guilty to fraudulently obtaining student loans and was ordered to pay restitution. Seven years later, the United States garnished his wages. Bankas objected and requested a hearing to explain his difficult financial circumstances, but the district court denied his request. Bankas appeals from an order of continuing

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

garnishment, arguing that due process required the court to hold a hearing regarding his claim of financial hardship. We affirm the judgment.

An "obsessive quest for education," in his trial counsel's words, led Bankas to devise a scheme in which he would falsify information on student-loan applications in order to obtain federally guaranteed student loans. Originally from Ghana, Bankas earned three Master's degrees from different American universities, a law degree from Southern Methodist University, and a doctorate in philosophy and public international law from Durham University in the United Kingdom. But over a two-year period, Bankas also submitted false promissory notes to several lenders, most notably the Great Lakes Higher Education Guarantee Corporation. In 2010 Bankas pleaded guilty to one count of fraudulently obtaining student loans, 20 U.S.C. § 1097(a). District Judge Barbara Crabb sentenced him to 24 months' imprisonment and ordered him under the Mandatory Victims Restitution Act, see 18 U.S.C. §§ 3663A, 3613, to pay $340,810 to the U.S. Department of Education. Bankas challenged his sentence in an appeal that we dismissed as untimely and then filed an untimely motion for postconviction relief under 28 U.S.C. § 2255 that Judge Crabb also denied. See *United States v. Bankas*, No. 06-CR-36-BBC, 2014 WL 3867475 (W.D. Wis. Aug. 6, 2014).

Once Bankas was released from prison, the government sought to obtain the unpaid restitution through garnishments. In 2013 the district court ordered that the royalties from Bankas's book, THE STATE IMMUNITY CONTROVERSY IN INTERNATIONAL LAW: PRIVATE SUITS AGAINST SOVEREIGN STATES IN DOMESTIC COURTS (Springer 2005), be garnished and applied to his restitution debt.

Four years later the government discovered that Bankas was working as a health-care aid and initiated proceedings to garnish his wages. The district court issued a writ of garnishment, and garnishments began in early 2017. Bankas objected to the garnishment and filed a form request for a hearing on grounds of financial hardship, specifying that certain expenses—child-support payments and the costs of caring for five children—qualified as exemptions from enforcement under 18 U.S.C. § 3613(1)(a). See *id.*; 28 U.S.C § 3202(b); 28 U.S.C. § 3014(a)(2)(A); 26 U.S.C. § 6334(a).

District Judge William Conley held a telephonic status conference to assess Bankas's request for a hearing and concluded that one was not warranted. The judge explained that all of Bankas's five children were over eighteen, so their expenses were not exempt under 18 U.S.C. § 3613(1)(a). See 26 U.S.C. § 6334(a). He also reminded

Bankas that there is no exemption to garnishment solely for financial hardship. Finally, the judge determined that the amount garnished from Bankas was calculated correctly.

On appeal Bankas challenges the judge's denial of a hearing under 28 U.S.C § 3202(d) as a violation of his due-process rights under the Fifth Amendment. But § 3202(d) permits a hearing only on limited grounds, and financial hardship is not one of them. Issues subject to a hearing include "the probable validity of any claim of exemption by the judgment debtor" and "compliance [by the creditor] with any statutory requirement for the issuance of the postjudgment remedy granted." 28 U.S.C § 3202(d). Because Bankas did not base his objection on any of the statute's listed grounds, he was not entitled to a garnishment hearing; the denial of such a hearing, then, did not deprive him of due process. See *United States v. Goyette*, 446 F. App'x 718, 720 (5th Cir. 2011) (finding defendant could not use hearing to collaterally attack amount of restitution ordered in his criminal case). In any event, under the Mandatory Victims Restitution Act, the government is entitled to collect up to 25% of Bankas's non-exempt disposable income or 30 times the minimum wage (whichever is less), regardless of any financial hardship it may cause him. See 18 U.S.C. § 3613(a); 15 U.S.C. § 1673(a); *United States v. Meux*, 597 F.3d 835, 838 (7th Cir. 2010).

Bankas also argues that the district court erred by not quashing the garnishment under provisions of the Code of Federal Regulations that govern administrative wage garnishments by the U.S. Department of Education. See 34 C.F.R. §§ 34.7, 34.24 (describing hardship component and process of objecting to garnishment based on financial hardship). These provisions are inapposite, however, because they apply only to those administrative garnishments filed by DOE to collect financial obligations owed to the government that arise under a program that DOE administers. 34 C.F.R. §§ 34.1–34.3. The garnishment action filed by the government here was not administrative but was a federal postjudgment enforcement action to collect a criminal restitution debt for the victim of Bankas's fraud. See 18 U.S.C. § 3613(a); 15 U.S.C. § 1673(a); see also 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution … without consideration of the economic circumstances of the defendant.").

Finally, Bankas challenges the calculation of the garnishment amount in light of fluctuations in his pay, which significantly increased just before the garnishment began in 2017. But the record reflects that Bankas's biweekly disposable income for the relevant time period has been at least $630—a figure greater than the $580 threshold

above which the government may garnish 25% of a debtor's income. 15 U.S.C. § 1673(a); 29 C.F.R § 870.10(c)(2). There is no evidence of any improper calculations.

AFFIRMED